59 N.J. Super. 174 (1960)
157 A.2d 539
CITY OF PASSAIC, A MUNICIPAL CORPORATION, PETITIONER-APPELLANT,
v.
PASSAIC INDUSTRIAL CENTER, INC., RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1960.
Decided January 22, 1960.
*176 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. William N. Gurtman argued the cause for appellant.
Mr. Vincent E. Hull argued the cause for respondent Passaic Industrial Center, Inc. (Mr. Thomas E. Duffy, attorney).
Mr. Theodore I. Botter, Deputy Attorney General, filed a statement in lieu of brief on behalf of respondent Division of Tax Appeals, Department of the Treasury (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The City of Passaic appeals from the entry of summary judgment by the Division of Tax Appeals affirming the assessment of $1,022,460 (being $90,720 on land and $931,740 on improvements), as reduced by the Passaic County Board of Taxation from $1,291,900, the assessment levied on the real property of Passaic Industrial Center, Inc. for the year 1958, and dismissing the city's appeal from the county tax board's determination. The Division took such action on motion of the taxpayer for entry of judgment under N.J.S.A. 54:2-43 to conform to the judgment entered by the Division for the year 1957, without hearing evidence as to the value of the property.
The history of Passaic's revaluation in 1953 of all taxable real property within the city, as a basis for assessing such property for local tax purposes, and of the assessment of respondent company's property in the years 1954 through 1957, is set out in our opinion in Passaic v. Gera Mills, 55 N.J. Super. 73, determined April 2, 1959. In brief, pursuant to that revaluation Passaic had assessed the company's property for 1954 and succeeding years by applying a common ratio of 40%. The taxpayer appealed the assessments for 1954, 1956, 1957 and 1958 to the Passaic County Board of Taxation. Neither Passaic nor the taxpayer appealed the 1955 assessment. The county board, in the regular *177 course of the annual appeals, reduced the assessments for the respective years involved. Passaic thereupon appealed these reductions to the State Division. A Division Panel held hearings on March 31 and April 1, 1958, receiving separate proofs as to 1954, 1956 and 1957. The Panel filed its report covering the several appeals on September 18, 1958. Thereafter, on October 1, 1958, the Division entered separate judgments for each of the tax years involved. It considered but denied relief with respect to the city's application for an adjudication of the 1955 assessment.
Passaic then appealed the Division judgments to this court, which affirmed. 55 N.J. Super. 73, above. The Supreme Court denied certification on June 17, 1959. Passaic v. Gera Mills, 30 N.J. 153.
On April 9, 1959 the taxpayer, as noted above, applied to the State Division for the entry of summary judgment adjudicating the assessment for 1958 on the basis of the Division judgment for 1957, under the so-called "freeze" provisions of N.J.S.A. 54:2-43, quoted below. The application was granted and the judgment under appeal entered July 1, 1959.
The following is a recapitulation of the assessment history of respondent taxpayer's property:

Local Assessment 1954 1956 & 1957 1958
Land .................. $93,000 $93,000 $93,000
Improvements .......... 1,214,100 1,194,100 1,198,900
County Board
Land .................. 65,858 65,858 90,720
Improvements .......... 911,740 931,740 931,740
State Division
Land .................. 90,720 90,720 90,720
Improvements .......... 946,837 931,740 931,740

The sole applicable statute is N.J.S.A. 54:2-43:
"Where a judgment final has been rendered by the Division of Tax Appeals in the State Department of Taxation and Finance involving real property such judgment shall be conclusive and binding *178 upon the municipal assessor and the taxing district, parties to such appeal, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the petition of appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal. * * *"
Although the city also refers to N.J.S.A. 54:3-26, relating to county tax board determinations, that section of the Tax Act is plainly inapplicable since, by its express terms, it governs only where no appeal is taken to the Division of Tax Appeals to review the action or determination of a county board.
The basic purpose which the provisions of these "freeze" acts was intended to achieve was clearly stated by the Supreme Court in Newark v. Fischer, 8 N.J. 191, 199 (1951):
"The evil which the `freeze' statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board. * * *"
And see Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954).
The city contends that whatever else may be said of the purpose and application of the "freeze" provisions of N.J.S.A. 54:2-43, it cannot be urged that they were ever intended to open the door to a procedure by which the taxing district could be deprived of a full hearing before the State Division of Tax Appeals on appeal from the county tax board determination for 1958, merely because the hearing and determination of prior appeals by the Division had been delayed. It points to the fact that it assessed the property in question for 1958 as of October 1, 1957, when the Division had not yet heard or decided the appeals from the county tax board determinations for the tax years 1954, 1956 and 1957. Further, that by the time the Division did decide *179 them, October 1, 1958, the city had already appealed the 1958 assessment to the county tax board, the board had rendered its judgment, and the city had appealed the judgment to the Division.
The city filed its appeal from the county board action on the 1958 assessment on December 8, 1958, more than two months after the Division judgments came down. Its petition of appeal did not allege any change of value after October 1, 1956, the assessment date for the tax year 1957; the city merely prayed that the reduced assessment of $1,022,460 found by the county board be increased to $1,291,900, the local assessment for 1958, "being based on the level and standard of properties in the taxing district."
As we have seen, N.J.S.A. 54:2-43 freezes an assessment at the level fixed in a Division judgment, not only for the assessment year but for the two assessment years succeeding, except as to changes in property value occurring after the assessment date. The petition of appeal to the Division must specifically set out the nature of the changes relied upon as a basis for the appeal. In urging that the Division should not have rendered its judgment on the 1958 appeal summarily by application of its 1957 judgment, merely because no change in value was alleged, the city claims that at the time of filing its appeal it did not know just what judgment the Division was going to render on the prior appeals. Not so, for its 1958 appeal was filed after the Division judgments for 1954, 1956 and 1957 were handed down. It also points out that its own 1958 assessment ($1,291,900) was higher than its assessments for 1956 and 1957 ($1,287,100), thus indicating that it deemed an increase in value to have taken place. The $4,800 difference  minimal at best  would indicate not so much a real change in value as a correction in the assessor's figures.
No good reason appears for disregarding the plain command of N.J.S.A. 54:2-43. The city knew, when it filed its petition of appeal with the Division on December 8, 1958, exactly what the Division's judgments for 1956 and *180 1957 were. More fundamentally, the city is chargeable with knowledge of the terms of the statute. N.J.S.A. 54:2-43 (L. 1946, c. 161, as amended) was adopted at a time when it was quite commonplace for tax appeals to accumulate in the Division, with the result that a Division determination for a particular tax year might not be handed down prior to the statutory date for filing appeals for a subsequent tax year or years. The city was therefore required to decide for itself, at the time of filing its petition of appeal with the Division for the current year, whether it was going to rely upon an increase in the true value of the property for that year over the prior base year or years. If so, it was obliged to state that fact in its petition and to specify precisely the nature of the change in value on which it relied, knowing that otherwise it would be bound by the final determination which the Division might render in the appeal for the prior base year or years. This is the inevitable scheme of the statute, and there is no real difficulty in a taxing district planning its appeal from county board reductions of assessments to accord with it.
We conclude that the Division correctly applied the "freeze" statute, and affirm its judgment.