LARIO, J.T.C.
AKLS Realty Associates, Inc., has filed a complaint together with a motion for summary judgment for application of N.J. S.A. 54:3-26, the Freeze Act, for the tax year 1987 based upon a judgment entered for the tax year 1986.
Plaintiff is the owner of commercial premises located at 1210 North Route 130 in the taxing district of the Township of Burlington which is identified on its tax map as Block 145, Lot 38.03. For the tax year 1986 the property had an original assessment of: Land-$128,000, Improvements-$372,000, for a total assessment of $500,000.
For the same tax year the taxing district placed thereon an added improvement assessment prorated for ten months at $816,667 based upon a full year’s valuation of $980,000. The taxpayer filed an appeal to the Burlington County Board of Taxation which, after a hearing, entered judgment reducing the added assessment to a 12-month full value of $525,000 which it prorated for a period of six months to $262,500. Thus, the property was assessed in its improved condition as of July 1, 1986. As a result of this judgment the property had a full year assessment valuation of: Land-$128,000, Improvements-$897,- *3 000, Total-$1,025,000. No appeal was taken from this 1986 county board judgment by either party.
For the tax year 1987 the taxing district assessed the property at: Land-$355,000, Improvements-$897,000, for a total of $1,252,000.
On August 31, 1987 the taxpayer filed a complaint directly with this court demanding a Freeze Act judgment fixing the assessment to reflect the county board’s judgment apportioned for 12 months, to wit: Land-$128,000, Improvements-$897,000, Total-$1,025,000.
The taxing district, on September 10, 1987, filed an answer admitting the above facts but alleging by separate defense that the complaint was filed out of time. Additionally, it counterclaimed alleging that the property was assessed at less than true value and demanding that the assessment be increased to its true value.
-The initial issue to be addressed is the jurisdictional question raised by defendant’s allegation that the complaint was filed out of time; if so, this court is without jurisdiction. Defendant is correct in its claim that direct valuation appeals to the Tax Court must be filed by August 15th of the tax year, N.J.S.A. 54:3-21. Defendant, however, misreads the gravamen of the complaint. It is not an appeal requesting a reduction in assessment based upon the property’s true value; instead, it’s a demand for enforcement of the provisions of the Freeze Act. “The Freeze Act application is based upon different facts than is an application for a reduced valuation.” Clearview Gardens v. Parsippany-Troy Hills Tp., 196 N.J.Super. 323, 330, 482 A.2d 523 (App.Div.1984). The filing time limitation for a Freeze Act application is not controlled by N.J.S.A. 54:3-21 which applies to valuation appeals.
The Freeze Act provides in pertinent part:
Where no request for review is taken to the Tax Court to review the action or determination of the county board involving real property the judgment of the *4 county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the 2 assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date. Where such changes are alleged the petition of appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete valuation of all real property within the district has been put into effect. [N.J.S.A. 54:3-26]
Since the wording of the Freeze Act demonstrates that its application is mandatory and self-executing, Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166-168, 110 A.2d 110 (1954), there is no direction contained therein for filing of a Freeze Act complaint nor a time limit for its application to be made. However, as noted by Judge Evers of this court in Curtiss Wright Corp. v. Wood-Ridge, 4 N.J.Tax 68 (Tax Ct. 1982): “the self-executing feature of the act will not apply where the judgment for the base year ... becomes final subsequent to the assessment date(s) for the freeze year(s).” Id. at 73. “In such instances it is necessary for the property owner to affirmatively seek the application of the freeze act.” There being no statutory time limit for such an affirmative action and the taxpayer having filed its complaint within the tax year for which relief is requested, this court has jurisdiction to entertain plaintiffs complaint for a Freeze Act judgment. Compare Passaic v. Passaic Industrial Center, Inc., 59 N.J.Super. 174, 157 A.2d 539 (App.Div.1960) (affirming a Division of Tax Appeals Freeze Act assessment judgment applied for and entered in 1959 for the 1958 tax year predicated upon a 1957 base year final judgment).
The final judgment relied upon by plaintiff was the result of an added assessment appeal. This judgment was entered by the county board on December 15, 1986. Although it was after the assessing date of October 1, 1986 for the tax year 1987, it was prior to January 10, 1987 by which date the assessor was required to file with the county board his com *5 píete assessment list. N.J.S.A. 54:4-35. “Once this information is brought to the assessor’s attention the mandatory and self-executing nature of the Freeze Act requires the assessor to comply.” Clearview Gardens, supra, 196 N.J.Super. at 329, 482 A.2d 523. Here, the assessor neither complied with the mandatory provision of the Freeze Act by following the county board’s final judgment, nor carried over his original assessment. Instead, he utilized the board’s improvement assessment and raised the land assessment. By reflecting the board’s twelve-month improvement assessment in his finalized 1987 assessment for the subject property, it is obvious that at that time the assessor had actual knowledge of the board’s judgment. Nevertheless, he did not freeze the judgment’s land allocation, but increased it from $125,500 to $355,000 without first filing with the board a Freeze Act avoidance complaint alleging change in value.
The formula for computing an added assessment is specifically set forth in N.J.S.A. 54:4-63.3 which directs that the taxable value of the parcel to which an addition is made be determined as of the first day of the month following completion, then deducting therefrom the assessment made as of the preceding October 1 and prorating the result. This formula was fully explained by Judge Hopkins of this court in Ft. Lee Boro. v. Invesco Holding Corp., 3 N.J.Tax 332 (Tax Ct.1981), rev’d on other grounds 6 N.J.Tax 255 (App.Div.1983) wherein he stated:
In order to comply with N.J.S.A. 54:4-63.3 it is necessary to first determine the true value of the entire property, including both land and improvements. The prior October 1 assessment is then deducted from the new value to arrive at the added value. Such added value is then prorated for the balance of the tax year to arrive at the additional assessment. [3 N.J.Tax at 335]
Although the Appellate Division reversed and remanded on other grounds, it specifically affirmed Judge Hopkins on this issue directing that the final judgment for the added assessment be calculated strictly in accordance with the above-stated formula even though the result exceeded the taxing district's original added assessment and no appeal therefrom had been *6 taken by the latter. Therefore, the board’s prorated added assessment judgment extended for 12 months plus the prior October 1 assessment represented the subject property’s total land and improvement assessable value as of July 1, 1986. It is this total judgment that is made binding and conclusive upon the municipal assessor by the Freeze Act.
To avoid the mandatory provision of the Freeze Act the municipality was compelled to file a complaint prior to August 15, 1987 alleging a change in value and specifically setting forth the nature of the changes relied upon. Clearview Gardens, supra, 196 N.J.Super. at 330, 482 A.2d 523. See also the conclusion of our Appellate Division as expressed by Judge Goldman in Passaic v. Passaic Industrial Center, Inc., 59 N.J.Super. 174, 157 A.2d 539 (App.Div.1960) wherein, referring to the Freeze Act then applicable to the former Division of Tax Appeals, he stated:
The petition of appeal to the Division must specifically set out the nature of the changes relied upon as a basis for the appeal
[If a taxing district's appeal is predicated] upon an increase in the true value of the property for that year over the prior base year or years ... it was obliged to state that fact in its petition and to specify precisely the nature of the change in value on which it relied, knowing that otherwise it would be bound by the final determination which the Division might render in the appeal for the prior base year or years. [Id. 59 N.J.Super. at 179-180, 157 A.2d 539]
The Clerk of the Tax Court is directed to enter a Freeze Act judgment for the tax year 1987 resulting in an assessment as follows:
Land $ 128,000
Improvements 897,000
Total $1,025,000.