CRABTREE, J.T.C.
Plaintiff, owner of premises located at 500 Central Avenue, Union City, New Jersey (Block 22, Lot 1), filed a complaint on January 30, 1987 seeking a reduction in the property’s 1985 assessment of $3,700,000. Plaintiff alleged that the assessment was discriminatory in violation of Art. VIII, § 1, par. 1(a) of the New Jersey Constitution and that, accordingly, the 1984 assessment of $2,700,000 should be restored. Plaintiff calls this a “spot” assessment.
Defendant moves to dismiss the complaint on the following grounds:
1. The issue raised in this action could have and should have been raised in a previous action between the same parties. Plaintiff’s complaint is, thus, barred by the entire controversy doctrine.
2. To the extent that plaintiff seeks the freeze act for 1985, allegedly on the basis of a 1984 Tax Court judgment of withdrawal pertaining to tax year 1983, the complaint is out of time, as it was not filed by August 15, 1985 as required by N.J.S.A. 54:3-21.
3. The concept of “spot” assessments is not a viable legal concept in this State.
Plaintiff filed a cross-motion seeking a freeze act judgment for 1985 based upon judgments of withdrawal for 1983.
The procedural history of this case is convoluted and labyrinthine.
On August 11, 1983, Washington Park Urban Renewal (Washington Park), one of plaintiff’s predecessors in title, filed a direct appeal to this court challenging the 1983 assessment of $2,700,000. Some time prior to August 15, 1983, West Park *583 Washington Corporation (West Park) bought the property and on the latter date, filed a direct appeal with this court for the same property with respect to the same year. On August 26, 1983, while both appeals were pending, West Park filed an appeal with the Hudson County Board of Taxation seeking the same relief it had already sought in the Tax Court. On October 13, 1983, two weeks before the county board hearing, Washington Park, no longer the owner of the property, requested withdrawal of the Tax Court complaint. On November 17, 1983, a judgment of dismissal was entered in the Tax Court.
On October 28, 1983, the county board held a hearing and thereafter entered judgment affirming the assessment.
Approximately one year after the county board hearing, West Park withdrew its Tax Court complaint challenging the 1983 assessment. On December 7, 1984, a Tax Court judgment of withdrawal was entered.
Defendant-municipality reassessed the property at $3,700,000 for 1985. No appeal was taken in 1985 with respect to that assessment. On March 19, 1986, however, plaintiff filed a complaint in this court challenging the 1985 assessment and sought application of the freeze act on the basis of the 1983 county board judgment.
The Tax Court dismissed plaintiffs freeze act application on the ground that the county board judgment was void for want of subject matter jurisdiction. Union City Assocs. v. Union City, 8 N.J.Tax 583 (Tax Ct.1986). The Appellate Division reversed the Tax Court, concluding that filing in the Tax Court does not automatically preempt the jurisdiction of a county board. Union City Assocs. v. Union City, 223 N.J.Super. 316, 538 A.2d 836 (App.Div.1988). The Supreme Court reversed the Appellate Division, concluding that prior filing in the Tax Court preempted the county board’s jurisdiction and, thus, that application of the freeze act could not be based upon a void county board judgment. Union City Assoc. v. Union City, 115 N.J. 17, 556 A.2d 769 (1989).
*584 In the interval, plaintiff filed its January 30, 1987 complaint; proceedings thereon were suspended pending completion of appellate review. Following the Supreme Court decision the case was restored to the active list, and soon thereafter plaintiff filed its cross-motion.
The issues in this case are:
1. Is plaintiff precluded by the entire controversy doctrine from litigating the spot assessment issue?
2. Is plaintiff permitted to litigate the discriminatory assessment issue if the entire controversy doctrine is not applicable?
3. Is plaintiffs complaint a timely application for the freeze act for 1985?
4. May application of the freeze act be based upon a judgment of withdrawal?
It is a well-settled principle in this State that the “sound administration of a judicial system requires that all facets of a single dispute between parties be completely determined in one action” and “that a defendant must assert all matters which will defeat a claim against him and a plaintiff must seek complete relief for vindication of the wrong he charges.” Applestein v. United Board & Carton Corp., 35 N.J. 343, 356, 173 A.2d 225 (1961). Prior to Applestein the Supreme Court emphasized the need to resolve an entire controversy in a single action. In Ajamian v. Schlanger, 14 N.J. 483, 103 A.2d 9 (1954) the Court observed that one of the notable reforms of the 1947 Constitution was the introduction of a “simple and flexible procedural framework designed and purposed for the just and expeditious determination in a single action of the ultimate merits of an entire controversy between litigants” and that the “fundamental objective of this procedural reform [is] to avoid the delays and wasteful expense of the multiplicity of litigation which results from the splitting of a controversy.” Id. at 485, 103 A.2d 9.
Twenty-three years after Applestein the Supreme Court, in a concurring opinion by Justice Handler, reiterated the principle *585 in Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 476 A.2d 250 (1984):
... It has been recognized that the underlying principles of the doctrine — “finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness” — have a central place in the adjudication of all legal controversies.... [Id. at 350-351, 476 A.2d 250]
The controversy is plaintiff’s challenge to the 1985 assessment, whether it should be reduced because the freeze act is applicable or, alternatively, whether it was a so-called spot assessment in violation of the uniformity and equality clauses of the New Jersey Constitution. The issue of spot assessment should have been pursued in the prior proceeding. It was not. Plaintiff alleges that it was precluded from raising the issue by the Tax Court’s ruling that the 1986 complaint was an untimely challenge to the 1985 assessment. The fact remains that plaintiff did not pursue the issue on appeal.
The Appellate Division ruled in plaintiff’s favor on the freeze act issue, making it unnecessary to address spot assessment; the Supreme Court, however, reversed the Appellate Division on the viability of the county board judgment as the basis for a freeze act application to the 1985 assessment. Having so ruled, the court would have been compelled to address plaintiff’s claim to raise the spot assessment issue. It is apparent from the court’s opinion that the issue was not addressed, from which this court infers that plaintiff failed to raise the issue before the Supreme Court.
The court concludes that not only does the entire controversy doctrine apply but the doctrine of res judicata as well. Plaintiff’s claim concerning spot assessment was raised in the prior Tax Court proceeding; the court ruled against the claim; and the matter was not pursued on appeal. The Tax Court’s ruling thus became res judicata on the spot assessment issue. Plaintiff may not raise that issue again in the present proceeding.
In view of the above the substantive aspects of plaintiff’s spot assessment claim need not be addressed.
*586 The next issue to be resolved is the timeliness of plaintiffs complaint in the present proceeding for the purpose of freeze act relief.
The freeze act, N.J.S.A. 54:51A-8, provides that a final Tax Court judgment fixing the assessment on real property is conclusive and binding upon the assessor and the taxing district for the assessment year and the two years immediately thereafter, absent changes in value or a district-wide revaluation. Identical rules apply to county board judgments. N.J.S.A. 54:3-26.
The statute governing appeals to the county board and direct appeals to the Tax Court is N.J.S.A. 54:3-21, which fixes August 15 of the tax year as the filing deadline for both types of appeals. The statute, however, does not apply to complaints seeking application of the freeze act. AKLS Realty Assoc. v. Burlington Tp., 10 N.J.Tax 1 (Tax Ct.1988); Passaic v. Passaic Industrial Center, Inc., 59 N.J.Super. 174, 157 A.2d 539 (App.Div.1960).
The timeliness issue was squarely raised and addressed in AKLS Realty, where this court declared:
Defendant is correct in its claim that direct valuation appeals as to the Tax Court must be filed by August 15th of the tax year, N.J.S.A. 54:3-21. Defendant, however, misreads the gravamen of the complaint. It is not an appeal requesting a reduction in assessment based upon the property’s true value; instead, it’s a demand for enforcement of the provisions of the Freeze Act. “The Freeze Act application is based upon different facts than is an application for a reduced valuation.” Clearview Gardens v. Parsippany-Troy Hills Tp., 196 N.J.Super. 323, 330, 482 A.2d 523 (App.Div.1984). The filing time limitation for a Freeze Act application is not controlled by N.J.S.A. 54:3-21 which applies to valuation appeals. [10 N.J.Tax at 3]
In Passaic Industrial Center the Appellate Division affirmed the Division of Tax Appeals in its 1959 grant of summary judgment to the taxpayer seeking application of the freeze act to 1958 on the basis of a Division of Tax Appeals judgment affirming a county board reduction in the 1957 assessment of taxpayer’s property. Although N.J.S.A. 54:3-21 was not mentioned in the opinion, that statute was necessarily implicated, as the court could not have reached the result it did had the statute applied.
*587 Accordingly, the court concludes that plaintiffs complaint is timely to the extent it constitutes a freeze act application. This leads us to the final issue in the case, namely, whether the Tax Court judgment of withdrawal of the appeal from the 1983 assessment may form the basis for the application of the freeze to 1985.
The judgment was entered on December 7, 1984 in response to West Park’s unilateral withdrawal, in writing, of the 1983 complaint.
R. 8:3-9 provides that a complaint may be withdrawn at any time prior to the close of proofs before the Tax Court and thereafter with leave of court. The form of withdrawal may be either by stipulation or any unilateral writing filed with the clerk of the court. Pressler, Current N.J. Court Rules, Comment R. 8:3-9 (1989).
The freeze act applies to judgments entered after trial on the merits, even if the judgment merely affirms the assessment. Hamilton Gardens, Inc. v. Hamilton Tp., 45 N.J.Super. 124, 131 A.2d 559 (App.Div.1957). The act also applies to judgments entered affirming a county board judgment for a plaintiff’s failure to overcome the presumption of correctness of such judgment. Hasbrouck Heights v. Div. of Tax Appeals, 41 N.J. 492, 197 A.2d 553 (1964).
Finally, the freeze act applies to judgments entered pursuant to settlement. South Plainfield v. Kentile Floors, Inc., 92 N.J. 483, 457 A.2d 450 (1983); Clearview Gardens v. Parsippany-Troy Hills Tp., 196 N.J.Super. 323, 482 A.2d 523 (App.Div.1984). The rationale is aptly expressed by Justice Pollock in Kentile Floors, where he said:
Finally, nothing in this case indicates that the values arrived at by consent are any less reliable than those resulting from a hearing on the merits. Consistent with Tax Court requirements, the parties signed a document acknowledging that the settlement figure was a fair assessment of the property. We conclude that a consent judgment entered by the Tax Court pursuant to a stipulation of settlement is a final judgment entitling the taxpayer to the benefit of the Freeze Act. [92 N.J. at 489, 457 A.2d 450]
A judgment entered pursuant to a unilateral withdrawal is a product of administrative exigency, i.e., final disposition of a *588 Tax Court case must be reflected in some manner. Thus, R. 8:9-1 states that the final determination of any Tax Court matter must be by judgment. The rule states further that a judgment must be in accordance with a Tax Court standard form. The court takes judicial notice that the Tax Court has prescribed a standard form for judgments of withdrawal.
A Tax Court judgment of withdrawal has none of the attributes of an adjudication on the merits, nor does it reflect the good-faith accommodation of the parties embodied in a settlement stipulation. Indeed, a settlement may require court approval. R. 8:9-5; and the Tax Court has withheld that approval where the court was not satisfied with the proof offered in support of the settlement. Rosenberg v. South Orange Tp., 8 N.J. Tax 1 (Tax Ct.1983), aff’d o.b. per curiam 8 N.J. Tax 7 (App.Div.1983).
Accordingly, the court concludes that the freeze act is inapplicable to Tax Court judgments entered pursuant to unilateral withdrawal.
Defendant’s motion for summary judgment is granted; plaintiff’s cross-motion is denied.
The Tax Court clerk will enter judgment dismissing plaintiff’s complaint.