247 N.J. Super. 249 (1991)
588 A.2d 1279
UNION CITY ASSOCIATES, PLAINTIFF-APPELLANT,
v.
CITY OF UNION CITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1991.
Decided April 4, 1991.
*250 Before Judges KING, R.S. COHEN and STERN.
Steven R. Irwin argued the cause for appellant (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin on the brief).
Herbert H. Fine, for respondent.
The opinion of the court was delivered by STERN, J.A.D.
Plaintiff challenges the dismissal of its complaint seeking reduction of its 1985 assessment. It claims that the assessment was precluded by the Freeze Act, N.J.S.A. 54:51A-8, and, in any event, constituted an illegal "spot assessment" in violation of N.J. Const. (1947) Art. VIII, § 1, par. 1(a). The Tax Court, in a published opinion, dismissed the complaint, ruling that (1) the "spot assessment" claim was precluded by the taxpayer's failure to pursue it in a prior action, and (2) the prior Tax Court judgment based on the unilateral withdrawal of a challenge to a prior assessment did not give rise to Freeze Act protection. The facts and procedural history are detailed in the Tax Court opinion, 10 N.J. Tax 581 (1989), and need not be repeated herein.
On appeal from the prior Tax Court proceedings, the Supreme Court held that plaintiff was not entitled to Freeze Act protection for the 1985 assessment under N.J.S.A. 54:3-26 by virtue of a 1983 judgment of the Hudson County Board of Taxation because the previous filing of a complaint in the Tax Court preempted the County Board's jurisdiction. Union City Associates v. Union City, 8 N.J. Tax 583 (Tax Ct. 1986), rev'd 223 N.J. Super. 316, 538 A.2d 836 (App.Div. 1988), rev'd 115 N.J. 17, 556 A.2d 769 (1989). The Tax Court in this case ruled that the plaintiffs were not entitled to Freeze Act protection under N.J.S.A. 54:51A-8 stemming from its judgment on the appeal from the 1983 assessment because that judgment was entered as a result of plaintiff's "unilateral withdrawal." Judge Crabtree concluded that Tax Court judgments are entitled to Freeze *251 Act protection after adjudication or settlement, but not "unilateral withdrawal." See 10 N.J. Tax at 587-588. As he stated, "[a] Tax Court judgment of withdrawal has none of the attributes of an adjudication on the merits, nor does it reflect the good-faith accommodation of the parties embodied in a settlement stipulation." 10 N.J. Tax at 588. We agree and conclude that the unilateral withdrawal of a complaint, which could occur without the taxing district's opportunity to be heard on the merits or to state its view as to the propriety of an assessment or settlement, cannot be deemed an adjudication or resolution warranting Freeze Act protection. Cf. South Plainfield v. Kentile Floors, Inc., 92 N.J. 483, 486-89, 457 A.2d 450 (1983) (application of N.J.S.A. 54:2-43 Freeze Act protection to settlement); Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951) (noting purpose of Freeze Act).
Plaintiff's reliance on Judge Lasser's subsequent opinion in 2nd Roc  Jersey Associates v. Morristown Town, 11 N.J. Tax 45 (Tax Ct. 1990), a Freeze Act case involving multiple parcels, does not require a different result. There, "the withdrawal was a part of a settlement of the complaints." 11 N.J. Tax at 54. As Judge Lasser noted in 2nd Roc, "it is well accepted that the Freeze Act will apply to a settlement," 11 N.J. Tax at 55, which is a negotiated disposition involving the taxing authority,[1] and "[o]rdinarily a withdrawal will not entitle a taxpayer to an application of the Freeze Act." 11 N.J. Tax at 54. See also Purex Corp. v. Paterson, 8 N.J. Tax 121 (Tax Ct. 1986), where the taxpayer unsuccessfully sought to withdraw a complaint. While the withdrawal in Purex was denied, the taxpayer there also sought to maintain its appeal with respect to a related parcel, and the two properties had been treated by the taxpayer as "really one." 8 N.J. Tax at 125. Purex, therefore, does not control the ability to unilaterally withdraw an entire controversy. R. 8:3-9 requires leave of court for withdrawal of a *252 complaint only after "the close of proofs" and can even occur over defendant's objection, Cherry Hill Tp. v. U.S. Life Ins. Co. of New York, 176 N.J. Super. 254, 261-262, 1 N.J. Tax 236, 422 A.2d 810 (Tax Ct. 1980). Compare, Clinton Tp. Citizens Committee v. Clinton Tp., 185 N.J. Super. 343, 448 A.2d 526 (Law Div. 1982). Thus, the unilateral withdrawal cannot have any preclusive or Freeze Act affect in these circumstances.
Judge Crabtree further concluded that the "spot assessment" claim was precluded by the "entire controversy" doctrine as well as the doctrine of res judicata. We need only address the former and therefore decline to pass on the latter.
It is true, as the taxpayer suggests, that R. 8:1 does not expressly or specifically incorporate rules embodied in Part IV of our Rules. Nevertheless, as Judge Pressler has stated
[t]he basic scheme of Part VIII is to conform the practice and procedure of the Tax Court as nearly as possible to that applicable to all other trial courts in the State and yet to retain insofar as possible a high degree of expedition in the initiation, progress and determination of the matters constituting the business of the Court. These rules also are designed to prescribe with particularity the practice of the Tax Court in respect of these procedural considerations unique to it. Thus, to a large extent the rules of Part IV have been incorporated by reference where appropriate. [PRESSLER, Current N.J. Court Rules, Comment R. 8:1 (1991 ed. at 1393)].
Significantly, R. 4:1 provides that "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the ... Tax Court except as otherwise provided in ... Part VIII."
There is nothing in Part VIII which suggests that R. 4:27-1 (joinder of claims) and R. 4:30A (entire controversy doctrine) do not apply in the Tax Court. See also R. 4:27-2 (joinder of remedies); R. 4:5-1. Further, while this matter was decided in the Tax Court long before the non-joinder preclusion of R. 4:30A was adopted, our courts have previously recognized that the entire controversy doctrine bars successive litigation of claims with respect to the same parties. See Cogdell by Cogdell v. Hospital Center at Orange, 116 N.J. 7, 17, 560 A.2d 1169 (1989); Crispin v. Volkswagenwerk AG, 96 N.J. 336, *253 348-349, 476 A.2d 250 (1984) (Handler, J., concurring); Aetna Ins. Co. v. Gilchrist Brothers, Inc., 85 N.J. 550, 556-557, 428 A.2d 1254 (1981).[2] We therefore agree that the entire controversy doctrine precludes this challenge to the 1985 assessment.
Finally, plaintiff insists that in the prior action addressed to the 1985 assessment the Tax Court judge ruled that the "spot assessment" claim should be pursued separately from the Freeze Act relief he dismissed. In May, 1986 plaintiff apparently endeavored to amend its complaint in the prior Tax Court action to include a "spot assessment" claim, but as counsel "readily concede[d]" before Judge Crabtree when this matter was argued, "there was no '85 complaint" timely filed challenging the spot assessment.[3] Thus, the short answer to plaintiff's contention is that it never pursued the "spot assessment" claim in a timely fashion in the initial complaint challenging the 1985 assessment, or even by an expeditious new complaint after its 1986 motion was denied or when it appealed the dismissal of the prior Freeze Act claim based on the 1983 Hudson County Tax Board judgment. Had plaintiff challenged the denial of its motion on the appeal, it may well have prevailed and obtained a remand by this court or the Supreme Court in light of the "entire controversy" doctrine.
We recognize that plaintiff has never obtained any review on the merits of the 1985 assessment. However, we are convinced *254 that the Tax Court was properly concerned in these circumstances with the need for adherence to proper procedural requirements. As plaintiff itself recognized during the first Tax Court case, if it prevailed on one theory the other did not have to be considered. The taxpayer chose not to diligently pursue its "spot assessment" claim on the first challenge. Therefore, we affirm substantially for the reasons expressed by the Tax Court, as supplemented.
Affirmed.
NOTES
[1] The settlement can include an agreement as to application or lack of impact of the Freeze Act. Id.
[2] R. 4:30A applies to non-joinder of parties as well as claims. Cogdell's non-retroactivity applies to non-joinder of parties, not claims. See 116 N.J. at 28, 560 A.2d 1169.
[3] Pursuant to R. 4:5-1, plaintiff's counsel certified in the complaint in this case that "this is the first pleading in which Plaintiff has attacked the subject assessment for the tax year 1985 as violative of the Constitution." The complaint and certification were dated January 7, 1986 but were filed January 16, 1987, with proof of service dated January 7, 1987. Because the certification also referred to the opinion in the prior matter which was filed on December 3, 1986, 8 N.J. Tax 583, we conclude that this complaint challenging the 1985 assessment was not filed until January, 1987. But see N.J.S.A. 54:3-21; 54:51A-9(b); FMC Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 423, 495 A.2d 1313 (1985).