PER CURIAM.
We affirmed plaintiffs tax appeals for 1993, 1994, and 1995 on the Tamcrest Country Club. Plaintiff applied for and was granted Freeze Act (N.J.S.A 54:51A-8) relief for 1996 and 1997 by the Tax Court, the judgments for which were entered on November 8, 1996 and February 27,1997. Defendant seeks to deny the benefit of the Freeze Act for 1997 under the theory that an amendment to the zoning ordinance, adopted December 19,1996, allegedly makes the catering hall at Tamcrest a permissible zoning use. It contends that the amended ordinance made the catering hall a permissible use, and that would add value to the Tax Court’s analysis of the 1995 assessment.
However, the status date for real property valuation for tax assessment purposes is October 1 of the pre-tax year, that is, October 1, 1996. Except for a sale of the subject property, valuation must be based on events known or reasonably foreseeable on the assessing date. 200 43rd Street, L.L.C. v. City of Union City, 16 N.J.Tax 138, 141 (Tax 1996). Here, respondent seeks to apply a zoning concept, the so called time of decision rule, to tax assessment. A local zoning ordinance cannot supersede the stated intention of N.J.S.A 54:4-23 that the assessor shall “determine the full and fair value of each parcel of real property ... at such price as ... it would sell for ... on October 1 next preceding the date on which the assessor shall complete his assessments.” *602 Thus, it makes little difference that an assessor can consider income and expense data supplied after the assessing date, as in John Hancock Mutual Life Ins. Co. v. Wayne Tp., 13 N.J.Tax 417 (Tax 1993), or that a late filed judgment could support a Freeze Act judgment, as in AKLS Realty Assoc., Inc. v. Burlington Tp., 10 N.J.Tax 1 (Tax 1988).
Affirmed.
We deny plaintiff’s motion to dismiss this appeal as moot (Motion No. M-717-98) because we have considered the appeal on the merits.