TAX COURT OF NEW JERSEY



**MARY SIOBHAN BRENNAN**
**JUDGE**

495 Martin Luther King Blvd., Fourth Floor
Newark, New Jersey 07102
609 815-2922, Ext. 54560
Fax: 609 815-3079

# NOT FOR PUBLICATION WITHOUT THE APPROVAL
# OF THE TAX COURT COMMITTEE ON OPINIONS

November 7, 2025

Joseph F. Ranieri, Attorney at Law
Weiner Law Group, LLP
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438

Kevin Justin, Inc. C/O Eminent Sports
145 County Avenue
Secaucus, NJ 07094

> Re:  Town of Secaucus v. Kevin Justin, Inc. C/O Eminent Sports
>      Docket Nos.: 004633-2024, 006512-2025

Dear Mr. Ranieri and Representative of Kevin Justin, Inc. c/o Eminent Sports:

This constitutes the court's opinion determining the Town of Secaucus' motion to enter default judgment against taxpayer/defendant Kevin Justin Inc. C/O Eminent Sports in relation to a 2024 reverse tax appeal. For reasons of judicial economy and efficiency, the court, on its own motion, has included the Town of Secaucus' 2025 reverse tax appeal in its decision.


Interpreter


ADA
Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



This motion decides a procedural issue that is not expressly provided for in our existing court rules. Specifically, this court[1] is faced with determining the proper procedure in the Tax Court when a taxing district requests default judgment against a taxpayer.[2]

For the reasons set forth below, and in the absence of a specific court rule, this court determines that when a taxpayer/defendant in a reverse tax appeal fails to defend the complaint, the taxing district/plaintiff must file a motion, served upon the party in default, requesting that default be entered and, that a proof hearing be scheduled for the entry of default judgment.

The moving papers shall include certified proof of service in accordance with the court rules and any other documents indicative of due process on the taxpayer. The motion for the entry of default should be filed no later than the first scheduled trial date.

---

[1] The term "this court" is singular and not representative of the other judges of the New Jersey Tax Court.

[2] In New Jersey, real property is assessed to its owner. N.J.S.A. 54:4-23 provides, "[a]ll real property shall be assessed to the person owning the same on October 1 in each year." While it is well established that one need not be the owner of real property to be an aggrieved taxpayer entitled to initiate a tax appeal, this court has determined that by virtue of holding title to the property, the owner maintains independent standing as an aggrieved taxpayer even in situations where other aggrieved taxpayers exist. See B&D Assoc., Ltd. v. Twp. of Franklin, 32 N.J. Tax 81, 88-89 (Tax 2020). Thus, the proper defendant or defendants would be the owner of record and any known aggrieved taxpayer.

If default is entered, the court shall schedule the matter for a proof hearing for the entry of default judgment. In addition, prior to the proof hearing, the plaintiff shall provide the defendant/taxpayer with a second notice of the date, time and place of the proof hearing, and identify evidence to be submitted at the proof hearing in support of the alleged true market value of the real property.

Consistent with previous unpublished decisions of this court, default judgment shall proceed by the plaintiff/taxing district providing the court with cogent evidence that the presumption of correctness of the assessment has been overcome.[3] If overcome, the court shall determine the true market value of the real

---

[3] The presumption of correctness is not a mere evidentiary mechanism used solely to allocate the burden of proof. Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985). Rather, the presumption expresses the view "that in tax matters it is to be presumed that governmental authority has been exercised correctly and in accordance with law." Ibid. (citing Powder Mill, I Assocs. v. Twp. of Hamilton, 3 N.J. Tax 439 (Tax 1981)).

In determining whether the presumption of correctness has been overcome, the court should weigh and analyze the evidence employing the evidentiary standard that evidence must be "definite, positive and certain in quality and quantity to overcome the presumption." Pantasote Co., 100 N.J. at 413 (quoting Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105 (1952)). To overcome the presumption, the evidence "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment.'" West Colonial Enters., LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003) (quoting Lenal Props., Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax 1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), cert. denied, 165 N.J. 488 (2000)).

property in question, employing the lower burden of proof as established in Heimbach v. Mueller, 229 N.J. Super. 17 (App. Div. 1988).

The court may, on its own motion enter default and schedule a proof hearing for default judgment when a properly served business entity fails to retain counsel pursuant to R. 8:3-3; R. 1:21-1(c).

I. Findings of Fact and Procedural History

This tax appeal relates to land and improvements identified on the Town of Secaucus (Secaucus) tax map as Block 26, Lot 11.01, with a street address of 145 County Avenue (the Subject Property). For the 2024 and 2025 tax years, the Subject Property had an assessment of $1,140,000. Applying the 2024 Chapter 123 average ratio (49.81%) results in an implied market value of $2,288,697. Applying the 2025 Chapter 123 average ratio (36.43%) results in an implied market value of $3,129,289.

Pursuant to N.J.S.A. 54:3-21(a)(1), taxing districts which may feel discriminated against by an assessed valuation of property in the taxing district may, on or before April 1, file a direct complaint with the Tax Court if the assessed valuation of the property subject to appeal exceeds $1,000,000.

Service of the Complaint is to be made as instructed by R. 8:5-4(3), which states in part:

> Service upon a taxpayer in a local property tax matter shall be:

(ii) … if the complaint is a direct appeal by a taxing district pursuant to N.J.S.A. 54:3-21, service shall be made upon the taxpayer by personal service or by certified or registered mail, return receipt requested, and if by mail, at the address listed on the County Board of Taxation petition by the taxpayer, or if none, at the last known address as it appears on the last taxing district tax duplicate

[R. 8:5-4(3).]

New Jersey's Rules of General Application are also implicated. R. 1:5-2 states that service upon a party shall be made as provided in R. 4:4-4 or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address. Precedent holds that service on a party by simultaneous certified and regular mail, constitutes good service even if the party refuses to claim the certified mail. See EMC Mortg. v. Chaudhri, 400 N.J. Super. 126, 140 (App. Div. 2008) (stating "the [Plaintiff's] failure to claim the certified mail . . . will not defeat [ ] compliance").[4]

The named defendant, Kevin Justin Inc. C/O Eminent Sports (Defendant), is the owner of record on the tax roll. Defendant designates itself as a corporation. The court rules provide that an entity other than a sole proprietorship, however formed and for whatever purpose, shall neither appear nor file any paper in any action in the

---

[4] See Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:5-2 (2025).

Tax Court except through an attorney authorized to practice in New Jersey. R. 8:3-3; R. 1:21-1(c).[5]

2024 Appeal.

On March 27, 2024, Secaucus timely filed a direct complaint with the Tax Court, challenging the 2024 assessment and naming Kevin Justin Inc. C/O Eminent Sports, the owner of record, as defendant. The complaint asserts that the 2024 assessment is below its true market value. Proof of Mailing pursuant to R. 8:5-4 and a Case information Statement were included.

On June 25, 2024, the Tax Court Management Office issued a deficiency notice indicating that as a business entity, Defendant had to retain an attorney to defend the appeal. The Tax Court Management Office, however, did not send a copy of the deficiency notice to Defendant.

On August 27, 2024, the court issued an Order giving Defendant until October 22, 2024 to have an attorney file an appearance on its behalf, or its defenses would be stricken, and a proof hearing would be scheduled. The Court uploaded the Order on eCourts and sent a copy by regular mail to Defendant. The mailing by the court was not returned.

On January 30, 2025, counsel for Secaucus uploaded a supplemental proof of service which included the certified mail return receipt "green" card with markings

---

[5] Except in the instance of limited liability partnerships for the practice of law.

indicating that it had been sent on March 28, 2024, properly addressed, and bearing a receipt signature.

On October 7, 2025, Secaucus filed this motion for default judgment. The moving papers included supporting documents and certifications.

2025 Appeal.

On March 31, 2025, Secaucus timely filed a direct complaint with the Tax Court, challenging the 2025 assessment and naming Kevin Justin Inc. C/O Eminent Sports, the owner of record, as defendant. The complaint asserts that the 2025 assessment is below its true market value. Proof of Mailing and a Case information Statement were included. On April 11, 2025, counsel for Secaucus uploaded supplemental proof of service indicating that service on Defendant was by certified and ordinary mail at the address of record on the tax roll.

On July 17, 2025, the Tax Court Management Office issued the following notice to Defendant:

> An attorney must file a notice of appearance on the defendant entity's behalf within 30 days of the date of this notice, if you wish to oppose the relief sought in the above-captioned local property tax complaint. If you fail to have an attorney appear to represent your interests, the case may proceed without your participation and may result in a judgment adverse to your interests.

The notice was addressed to "Kevin Justin, Inc. C/0 Eminent Sports, 145 County Avenue, Secaucus, NJ 07094" was sent by regular mail, and was not returned.

Defendant did not respond to the complaint, did not respond to the notice sent by the Tax Court Management Office, has not had an appearance filed by an attorney, and has not filed an answer.

## II. Legal Analysis

The New Jersey Constitution charges the New Jersey Supreme Court to "make rules governing the administration of all courts in the State and, subject to the law, the practice and procedure in all such courts." N.J. Const. art. VI, § 2, ¶ 3.

The practice of law in the New Jersey courts is guided by The New Jersey Rules of Court. The purpose of the court rules is to ensure the fair, orderly and efficient administration of justice in New Jersey's courts. These rules govern the procedural aspects of a case, such as filings and timelines, as well as the professional conduct of attorneys and judges. They establish a consistent framework for all legal proceedings, ensuring fairness, reducing unnecessary expense and delay, and promoting a just determination of legal issues. They provide the necessary guidance for attorneys and individuals to navigate the legal system, covering such aspects as discovery, motions, and trials.

Practice and procedure in the Tax Court is dictated by three sections of the Rules of Court. Part I are rules of general application. Part VIII governs the practice and procedure in all actions in the Tax Court. When not addressed in the Part VIII

rules, the rules in Part IV apply to the Tax Court. As observed by the Appellate

Division:

> Judge Pressler has stated:
>
> [t]he basic scheme of Part VIII is to conform the practice and procedure of the Tax Court as nearly as possible to that applicable to all other trial courts in the State and yet to retain insofar as possible a high degree of expedition in the initiation, progress and determination of the matters constituting the business of the Court. These rules also are designed to prescribe with particularity the practice of the Tax Court in respect of these procedural considerations unique to it. Thus, to a large extent the rules of Part IV have been incorporated by reference where appropriate. [PRESSLER, Current N.J. Court Rules, Comment R. 8:1 (1991 ed. at 1393)].
>
> Significantly, R. 4:1 provides that "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the ... Tax Court except as otherwise provided in ... Part VIII."
>
> [Union City Associates v. City of Union City, 247 N.J. Super. 249, 252 (App. Div. 1991)]

While the New Jersey Supreme Court has the definitive say on the interpretation of

court rules, this court, when interpreting the rules, is guided by their standard of

review. Specifically, "ordinary principles of statutory construction to interpret the

court rules." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Robinson,

229 N.J. 44, 67 (2017)).  The court begins "with the plain language of the rule, and

'ascribe to the [words of the rule] their ordinary meaning and significance . . . and

read them in context with related provisions so as to give sense to the [court rules] as a whole." Ibid. (alterations and omission in original) (quoting Wiese v. Dedhia, 188 N.J. 587, 592 (2006)).

There is no provision in Rule VIII for default or default judgment in a local property tax appeal. The court acknowledges that historically, there were very few reverse tax appeals filed by municipalities. Most local property tax appeals are filed by the taxpayer seeking a reduction of the assessment. Since in taxpayer filed appeals the defendant is a known municipality, the rules do not require the filing of an answer but provide very specific service of process on the municipality, the county board of taxation, and the municipality's assessor.

In approximately 2012, the Tax Court began docketing an increased number of tax appeals filed on behalf of municipalities seeking to increase property assessments, referred to as reverse or increase tax appeals. The assessor's involvement in a reverse tax appeal is unusual, for it is the assessor's employer that is challenging the assessment. The challenge by the municipality creates an inherent conflict as the assessor's duty is to fairly assess all properties in the municipality based on market value, trends, and data.

However, in New Jersey, despite being paid by the municipality, an assessor is an agent of the state, not the municipality, which intends to ensure neutrality in

their valuations.[6] This creates a legal and procedural separation that allows the municipality to appeal the assessor's work.

Another aspect of these reverse tax appeals is that many of the taxpayer/defendants are entities required to be represented by legal counsel. The prevailing cause of default in the Tax Court involves defendants who do not hire an attorney as required.

So, in the absence of a Tax Court Rule relating to default or default judgment, how does plaintiff's counsel and the court proceed to resolve the outstanding local property tax complaint.

The court first looks to the default provisions of Rule IV. Unfortunately the procedures set forth there cannot be adopted as is, because they contemplate the mandatory filing of an answer by a defendant. However, R. 4:43 -1 and R. 4:43-2

---

[6] Tax assessors are not typical municipal officials. Although municipalities appoint them ( N.J.S.A. 40A:9-146), county tax administrators direct them (N.J.S.A. 54:3-16), county tax boards revise and correct their work (N.J.S.A. 54:4-46 to – 48), and the State Division of Taxation's Director certifies, regulates, investigates, and removes them (N.J.S.A. 54:1-25, -35.25, -35.29, -36, -37). Yet, assessors are also agents of the Legislature. See Ream v. Kuhlman, 112 N.J. Super. 175, 190 (App. Div. 1970). They implement the Legislature's power of taxation, See Daniels v. Borough of Point Pleasant, 23 N.J. 357, 360(1957), by determining "the full and fair value" of property in their taxing district, N.J.S.A. 54:4-23. In doing so, they also perform "quasi-judicial functions" by applying "independent judgment." Ream, 112 N.J. Super. at 190.

clearly establish the doctrine of default and default judgment and provide guidance as to the framework for a similar procedure in the Tax Court.

The court also is guided by R. 8:8-4, which states:

> If any party fails to appear the court may order any one or more of the following:
>
> (a)In the absence of an appearance by a plaintiff, dismiss the complaint;
>
> (b) In the absence of an appearance by a defendant
>
> (1) proceed to hear the matter on the designated date;
> (2) dismiss the counterclaim, if any;
>
> (c) Take such other action authorized by Rule 1:2-4(a) as it shall deem appropriate.

R. 1:2-4(a) provides that if without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar, on the return of a motion, at a pretrial conference, settlement conference, or any other proceeding scheduled by the court, or on the day of trial, the court may order the striking of the answer and the entry of judgment by default. Thus, the court finds that by virtue of R. 1:2-4(a), the consequence of the absence of a taxpayer defendant is to proceed with the entry of default and default judgment.

## III. Conclusion

Based on the foregoing reasons, default is entered. Contemporaneously with the issuance of this opinion, the court shall issue an Order scheduling a proof hearing for the entry of default judgment.

/s/ Mary Siobhan Brennan
Hon. Mary Siobhan Brennan, J.T.C.