KAHN, J.T.C.
This is the court’s determination with respect to defendant, City of East Orange’s (“city”) motion to dismiss plaintiff, Christian Asset Management Corp.’s (“taxpayer”) complaint for failure to pay taxes pursuant to N.J.S.A. 54:51A-1 and N.J.S.A. 54:3-27. The property in question, designated as Block 692, Lot 24, is located at 20 Evergreen Place, East Orange.
On June 22, 2001, subsequent to the close of arguments, this court received a letter from taxpayer’s counsel indicating that taxpayer filed for federal bankruptcy protection (11 U.S.C.A. §§ 101-1330(2001)). Since no request for a stay or other relief has been made with respect to same, this court’s opinion in this motion follows.
Taxpayer acquired the property in August 1999 pursuant to an arm’s length transaction which yielded a cash purchase price of $35,000 and also required taxpayer to assume the property’s outstanding tax liens totaling $1,000,000.[1] The total amount of outstanding liens through April 11, 2001 was approximately $1,586,787.38. Taxpayer appealed the 2000 assessment to the Essex County Board of Taxation; however, on August 8, 2000, that appeal was dismissed as a result of taxpayer’s failure to pay taxes. See N.J.S.A. 54:3-27. Taxpayer then filed the present *473 complaint disputing the 2000 tax assessment in the following amount:
Land $190,400
Improvements $409,600
Total $600,000
The complaint disputes the $600,000 assessment on two separate grounds. The first count seeks a reduction of the assessment on the ground that it discriminates against taxpayer because it is grossly in excess of the property’s true value. Taxpayer asserts that the result of dividing the $600,000 assessment by the 24.67% average ratio for the City of East Orange for 2000, as promulgated by the Director, Division of Taxation pursuant to N.J.S.A. 54:1-35.1 and N.J.S.A. 54:1-35a (L.1973, c. 123), is a fair market value of $2.4 million, clearly an egregious overassessment when compared to the aforementioned $35,000 purchase price. The second count seeks to compel the city to conduct a city-wide revaluation because its most recent coefficient of deviation of 30.03% creates a lack of uniformity which has the effect of violating taxpayer’s right to equal protection under both state and federal law.
The city moves to dismiss this complaint pursuant to N.J.S.A. 54:51A-1, N.J.S.A. 54:3-27 and Bllum Ltd. Partnership v. Bloomfield Tp., 15 N.J. Tax 409, 411-12 (Tax 1995), aff'd, 16 N.J. Tax 41 (App.Div.1996), which require a taxpayer to pay its taxes before its appeal is heard by the county board of taxation or the Tax Court. In support of this application, the city relies upon the certification of the East Orange Tax Collector, which indicates, that as of April 24, 2001, taxpayer’s total outstanding tax liability was $1,586,787.31, on which there has been no payment since 1995.
Taxpayer does not dispute the aforementioned real estate tax delinquency. Rather, it argues that the present complaint should not be dismissed, delinquency notwithstanding, because of the recent amendments to both N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1, as well as the uniformity clause of the New Jersey Constitution. First, taxpayer argues that its first count is the type that falls *474 within the purview of the recent amendment to N.J.S.A. 54:3-27. That amendment grants this court discretion to relax the tax payment requirement in the interests of justice. Second, taxpayer contends that the second count must survive the present motion, notwithstanding the court’s interpretation of the aforementioned amendments, because the tax payment requirements articulated in N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1 are not applicable to a demand for a city-wide revaluation.

A. Count One

The first issue before this court is whether Count One of the complaint should be dismissed pursuant to either N.J.S.A. 54:3-27 or N.J.S.A. 54:51A-1. New Jersey’s statutory scheme essentially requires a two-step process for those taxpayers who seek to appeal their local property assessment at the county level and in the Tax Court. N.J.S.A. 54:3-27 requires a taxpayer to “pay to the collector of the taxing district no less than the total of all taxes and municipal charges due ...” in order to have an appeal heard by the county board of taxation. If the taxpayer complies with this requirement, but is displeased with the county board’s judgment, taxpayer is then entitled to appeal to the Tax Court pursuant to the procedures articulated in N.J.S.A. 54:51A-1.
Generally, that statute provides that any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action, or determination in the Tax Court by filing a. complaint. See N.J.S.A. 54:51A-1. In sum, the statutory scheme allows those plaintiffs who paid them taxes to argue the assessment at both the county level and in the Tax Court. Prior to the 199 Amendments, if a taxpayer instituted an action at the county level which was dismissed for failure to pay taxes'pursuant to N.J.S.A. 54:3-27, the Tax Court was without jurisdiction to hear the appeal,[2] see Bllum Ltd. Partnership v. Bloomfield Tp., supra, 15 N.J. Tax 409 *475 (Tax 1995), and was obligated, as a matter of law, to dismiss any complaint which was dismissed at the county level for failure to pay taxes.
L.1999, c. 208, § 5 amended N.J.S.A. 54:3-27 by inserting the following paragraph:
Notwithstanding the foregoing, the county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require. If the county board of taxation refuses to relax the tax payment requirement and that decision is appealed, the tax couH may hear all issues without remand to the county board of taxation an the interests of justice may require.
[N.J.S.A. 54:3-27 (Emphasis supplied).]
This amendment modifies fíllum, in that the tax payment requirement is no longer a jurisdictional matter incapable of being relaxed by this eourt. The Legislature has vested the judge with limited discretion to relax this requirement in the interests of justice.[3] The effect of this amendment is to allow the Tax Court to hear the merits of a case, if required by the interests of justice, even if the local county board of taxation previously dismissed the case for failure to pay taxes.
In light of this amendment, this court is not required to dismiss the present complaint as a matter of jurisdiction. Rather, the court is vested with the power to decide whether hearing this case would best serve the interests of justice. While it is obvious that the Legislature made a determination that there may be some circumstances which warrant a relaxation of the otherwise strict tax payment requirement, the Legislature has not provided any instruction, example, or anything else in the way of guidelines, and no decisions have been authored on this subject. Thus, the interpretation of the 1999 amendments is a matter of first impression.
*476 In the present case, the first count of taxpayer’s complaint claims that taxpayer’s property was grossly over assessed. Moreover, the count alleges that taxpayer is entitled to the tax payment exemption discussed above because taxpayer is insolvent. Even if taxpayer were to offer sufficient evidence of an overassessment, this court finds that such evidence, without more, is insufficient to meet the “in the interests of justice” standard articulated by the statute.
The evidence offered by taxpayer in support of its assertions is, however, insufficient to defeat the present motion to dismiss. In support of its claim that the property was over assessed, taxpayer merely offers the certification of its President, Alphonzo Green, which offers only the following statement as to the issue of finances: “The expenses of the corporation exceed its rental income, causing a negative monthly cash flow and making the corporation insolvent.” There is no indication as to what taxpayer does, whether it owns other property or assets, or whether taxpayer earns any other income. Mere statements, even under oath, by an officer of the taxpayer, which indicate that there are insufficient funds to pay taxes, are not enough to establish that taxpayer should be entitled to the aforementioned legislative relaxation of the tax payment requirement.
The present facts do not compel this court to exercise its right to make use of the recent amendments. Taxpayer purchased the property subject to a $1,000,000 tax liability, of which it has paid no taxes. In fact, no taxes have been paid on the property since 1995. Even if this court granted taxpayer’s request and substantially lowered the 2000 assessment, the judgment would not have the effect of eliminating the already existing $1,000,000 tax liability. If taxpayer is incapable of paying its current assessment, how will it contend with the pre-existing liability?
It is well settled that there is a presumption of correctness of tax or assessment levied by a local taxing authority. See Glen Wall Assocs. v. Wall Tp., 99 N.J. 265, 273, 491 A.2d 1247 (1985). This presumption is overcome only when the taxpayer presents sufficient and competent evidence which establishes the *477 true value of the property. Ibid. In order to do so, a taxpayer is required to produce expert testimony. “Although it may not be cost effective to engage an expert witness, taxpayer is not relieved from the responsibility of providing this court with competent and sufficient evidence of value.” Otelsberg v. Bloomfield, Tp., 18 N.J.Tax, 243, 249 (Tax 1999). In fact, in a recent case, this court held that a taxing district in a freeze act motion would only be entitled to a hearing if it provided the court with prima facie, evidence of a substantial and meaningful change in value. See Entenmann’s Inc. and 930 North Riverview Associates, L.L.C. v. Totowa Bor., 19 N.J. Tax 505 (Tax 2001). “To grant a hearing or discovery on the basis of what amounts to nothing more than a bald, unsupported allegation of a change in value would be wholly inconsistent with the rulings of the Appellate Division and the Tax Court discussed above.” [4] The court further explained that taxpayer cannot assert that it might be able to demonstrate a different value once it compiles research.
In the present ease, taxpayer has failed to produce any reliable evidence with respect to its claim that its property has been grossly over assessed. On that score, taxpayer only offers several isolated pages of an appraisal report, without corroboration by its author or any other expert witness. Therefore, the extraordinary relief requested by taxpayer is not warranted. For these reasons, this court has no alternative but to grant the city’s motion to dismiss the first count.

B. Count Two

The second issue before this court is whether Count Two of the complaint should be dismissed. This count demands a city-wide revaluation because the lack of uniformity of assessment and an acceptable common level violates taxpayer’s federal and state rights to due process of law. More specifically, taxpayer points to *478 a purportedly unacceptable coefficient of deviation as evidence demonstrating the lack of a common level.
A coefficient of deviation is an instrumental statistic used to determine the existence of a common level, which is, in turn, instrumental in proving uniformity or lack thereof. See R.M.P. Holding Co. v. City of Passaic, 1 N.J. Tax 359, 371 (Tax 1980). It demonstrates the extent to which the assessed to sales ratios in a city cluster around a particular point. See Whippany Associates v. Hanover Tp., 1 N.J. Tax 325, 334 (Tax 1980). That point is the average ratio (chapter 123 ratio). Ibid. In essence, the coefficient is a statistic which measures the degree of departure of all the individual ratios (assessments to sale) from the average ratio. Ibid.
When the coefficient is low, the individual ratios are concentrated around the average, which indicates the existence of a common level. See Venino v. Carlstadt Bor., 1 N.J. Tax 172, 176 (Tax 1980), aff'd, 4 N.J. Tax 528 (App.Div.1981). Conversely, a high coefficient indicates that ratios are spread out widely about the average, resulting in the absence of a common level and the absence of uniformity. Ibid. The acceptable common level range for a taxing district is that range which is plus or minus 15% of the average ratio for that district. See N.J.S.A. 54:1-35a. Thus, evidence of a coefficient of deviation in excess of 15% indicates the absence of uniformity and a common level range, and demonstrates the need for a revaluation. See Calton Homes, Inc. v. West Windsor Tp., 15 N.J. Tax 231, 257 (Tax 1995), citing New Jersey State Div. of Taxation, Handbook for New Jersey Assessors § 801.31(1) (June, 1989); see also R.M.P. Holding Co., supra, 1 N.J. Tax at 371.
In the present case, taxpayer submitted the most recent coefficients of deviation calculated and promulgated by the State of New Jersey, Department of the Treasury, Division of Taxation, Property Administration, for the City of East Orange. They are as follows: 1999—30.03%; 1998—33.46%; 1997—25.48%; 1996 - 31.71%. Moreover, taxpayer submitted evidence that those coeffi *479 cients of deviation demonstrated a lack of uniformity for class 4 property assessments as well as for other classes of property.[5] The aforementioned cases and statute indicate that this evidence is clearly sufficient to support the cause of action articulated in the second count. Moreover it is important to point out that neither N.J.S.A. 54:3-27 nor N.J.S.A 54:51A-1 are applicable to this count because it seeks a city-wide revaluation, not the reduction of an individual assessment. For these reasons, this court denies the city’s application to dismiss the second count of the complaint.

Conclusion

For the aforementioned reasons, the city’s motion to dismiss the complaint is granted as to Count One and denied as to Count Two.

 The $35,000 purchase price added to the $1,000,000 tax delinquency creates an actual purchase price of $1,035,000, as the tax liens run with the land.

 In a concurring opinion in J.L. Muscarelle Inc. v. Saddle Brook Tp., 14 N J. Tax 453, 477 (Tax 1995), Judge Lasser indicated that, where there is evidence that a property is so substantially over-assessed as to result in the taxes being virtually confiscatory, due process may require a hearing where tax is paid based on an assessed value deemed reasonable by the trier of fact. This opinion, however, was not part of a majority opinion, nor was it joined by any other judge in that particular case.

 N J S.A. 54:51A-1 was similarly amended. Before the 1999 Amendment, Section (b) of that statute stated "|A]t the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.'’ The 1999 Amendment deleted the last sentence and replaced it with the following language: “Notwithstanding the foregoing, the Tax Court may relax the tax payment requirement and fix such terms of paymenls as the interests oi justice may require." See N.J.S.A 54:51A—1.

 While the ultimate issue in Entenmann's Inc. is different from the one at bar, the court's handling of the issue of "proof of value" is clearly applicable.

.
Coefficient Stratified Coefficient Segmented
Year by Class by Class
12 4 1 2 4
1999 52.64 26.51 35.97 71.62 26.86 62.06
1998 32.39 18.81 353.69 ,32.40 33.57
1997 . 22.50 37.32 11.67 22.80 53.82
1996 44 54 27.56 37.85 93.31 27.90 56.25