BIANCO, J.T.C.
This opinion, written in accordance with R. 2:5 — 1(b), amplifies the court’s previous bench opinion of May 10, 2002, which granted defendant’s motion to dismiss the complaints of Wellington Belle-ville, L.L.C. and Kessler Development Corp. (collectively “plaintiff’), for failure to pay taxes as required by N.J.S.A. 54:51A-1. Plaintiff has appealed the dismissal, having filed a notice of appeal with the Superior Court, Appellate Division on or about July 3, 2002.
The referenced matters are before the Tax Court on appeal by plaintiff from the judgments of the Essex County Board of Taxation, dismissing both complaints with prejudice pursuant to N.J.S.A. 54:3-27, for failure to pay municipal taxes. Defendant contends that the Tax Court lacks jurisdiction pursuant to N.J.S.A 54:51A-l(b) because plaintiff failed to pay taxes on the subject property. Plaintiff concedes that the taxes have not been paid, but asks the court, under language contained in the same statute, to relax the tax payment requirement in the “interests of justice.” N.J.S.A 54:51A-l(b).
The subject property consists of fifteen acres containing several abandoned buildings. It is alleged that the property is polluted with asbestos. Plaintiff purchased the property in this condition with the intention that it could clean up the asbestos, demolish the abandoned buildings, and have the zoning changed from low-grade residential to retail.
*333 Now, plaintiff contends that it is experiencing extreme financial difficulty. According to plaintiff, the subject property has generated no income over the past two years. This, plaintiff claims, is because current zoning laws limit its economic viability. Plaintiff argues that if the zone is changed, the abandoned buildings are demolished, and the asbestos is cleaned up, the property will have the potential to produce income. Plaintiff contends that it cannot pay the taxes under the current conditions and believes the court should relax the tax payment requirement in the interests of justice.
This court finds plaintiffs argument to be unpersuasive.
“The principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law.” Woodlake Heights Homeowners Ass'n, Inc. v. Middletown Tp., 7 N.J.Tax 364, 366 (App.Div.1984) (citing New York Susquehanna, and W.R.R. v. Vermeulen, 44 N.J. 491, 210 A.2d 214 (1965) and General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 416 A.2d 37 (1980)); see also Stewart v. Hamilton Tp., 7 N.J.Tax 368, 375 (App.Div.1985).
There are two statutes that require the payment of taxes at the time a taxpayer seeks to appeal a local property tax assessment. The first is N.J.S.A. 54:3-27 which concerns the payment of taxes for appeals to the County Board of Taxation (the “County Board”). That statute provides in pertinent part:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in Notwithstanding the foregoing, the county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require. If the county board of taxation refuses to relax the tax payment requirement and that decision is appealed, the tax couH may hear all issues nrithovt remand to the county board, of taxation as the interests of justice may require____
[N.J.S.A. 54:3-27 (emphasis added).]
The second statute is N.J.S.A. 54:51A-l(b) of the State Uniform Tax Procedure Laio, N.J.S.A. 54:48-1 to^S-W,[1] which concerns *334 the payment of taxes for appeals from judgments of the County Board to the Tax Court. That statute provides:
At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. Nokvithstanding the foregoing, the Tax Court may relax the tax payment requirement and fix such terms of payments as the interests of justice may require.
[N.J.S.A. 54:51a-l(b) (emphasis added).]
The emphasized language in both N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-l(b) was added to those statutes in 1999.[2] The new language specifically gives the County Board and the Tax Court discretion to relax the tax payment requirement as the interests of justice may require.[3]
In Christian Asset Mmgt. Corp. v. City of East Orange, 19 N.J.Tax 469 (Tax 2001), the Essex County Board of Taxation dismissed the plaintiffs appeal for failure to pay taxes. Plaintiff then filed a complaint in the Tax Court. Defendant East Orange filed a motion to dismiss the complaint pursuant to N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1 for plaintiffs failure to pay taxes. In response, plaintiff argued that the tax payment requirement should be relaxed pursuant to the interests of justice language of both statutes since the subject property was grossly overassessed and the taxpayer was insolvent.
While the court’s opinion specifically addressed only the amended language of N.J.S.A. 54:3-27, it is reasonable to conclude that the court construed the similarly amended language in both statutes [4] to mean that,
*335 [T]he tax payment requirement is no longer a jurisdictional matter incapable of being relaxed by the court. The Legislature has vested the judge with limited discretion to relax this requirement in the interests of justice. The effect of this amendment is to allow the Tax Court to hear the merits of a ease, if required by the interests of justice, even if the local county board of taxation previously dismissed the case for failure to pay taxes.
In light of this amendment, this court is not required to dismiss [a] ... complaint as a matter of jurisdiction. Rather, the court is vested with the power to decide whether hearing [the] case would best serve the interests of justice.
[Id. at 475 (emphasis added).]
However, the court in Christian Asset Mgmt. also observed that,
[w]hile it is obvious that the Legislature made a determination that there may be circumstances which warrant a relaxation of the otherwise strict tax payment requirement, the Legislature [did] not provide any instruction, example, or anything else in the way of guidelines and no other decisions have been published on this subject.

[Ibid.]

The court determined that the interests of justice did not warrant the relaxation of the tax payment requirement where the plaintiff alleged that the subject property was grossly overassessed,[5] and claimed insolvency. Even if plaintiff offered sufficient evidence of an overassessment, the court concluded, that would not have been enough to meet the interests of justice standard as articulated by statute. Id. at 476. That portion of East Orange’s motion seeking dismissal for plaintiffs failure to pay taxes was therefore granted.[6]
In amending N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1, the Legislature clearly did not intend to remove the tax payment requirement, but rather (as the Christian Asset Mgmt. court construed) it sought to provide the County Board and the Tax Court, as the case may be, with limited discretion to relax the requirement. Christian Asset Mgmt., supra at 475 (emphasis added). The purpose of the tax payment requirement is “to assure the flow of revenue to a municipality while an appeal is *336 pending.” See Lecross Assocs. v. City Partners, 168 N.J.Super. 96, 98-99, 401 A.2d 1099 (App.Div.1979), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979). That purpose would be defeated by-exposing the municipality to financial hardship while relieving plaintiff of its alleged hardship.
The court finds that in preserving the tax payment requirement as it did, the Legislature intended that the relaxation of the requirement be granted sparingly, and in limited circumstances.[7] At a minimum, it would seem that such circumstances must be (1) beyond the control of the property owner, not self-imposed, (2) unattributed to poor judgment, a bad investment or a failed business venture, and (3) reasonably unforeseeable. The issue then is for this court to determine whether this plaintiffs circumstances fall within the limited exception to the tax payment requirement.
*337 The court finds that plaintiffs alleged financial difficulties alone do not provide an adequate basis to apply the interests of justice exception. Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., 13 N.J.Tax 138 (App.Div.1993); appeal dismissed “for failure to state a substantial constitutional issue,” 135 N.J. 298, 639 A.2d 299 (1994).[8] This is particularly true where, as here, plaintiff did not offer evidence regarding its other assets and liabilities, if any, or otherwise demonstrate that it is unable to obtain money to pay its taxes pending its tax appeal.
Clearly any hardship now experienced by plaintiff with regard to the subject property is self-imposed. Plaintiff purchase the blighted property with full knowledge of its deteriorated condition and limited income potential. The intent was to have the property rezoned, decontaminated, rebuilt, and ultimately made profitable. Delay and unpredictability of municipal approvals, the decontamination process, and demolition, all necessary to accomplish plaintiffs objectives, are commonplace and reasonably foreseeable, and should have been anticipated by plaintiff. To relieve the tax payment requirement of N.J.S.A. 54:51A-l(b) under such circumstances would open the idiomatic Floodgates of litigation to every real estate speculator, who can then rely on the municipality, in a sense, to partially fund its investment.[9]
*338 For the foregoing reasons, defendant’s motion is granted and the plaintiffs complaint is dismissed.

 Chapter 51A was adopted as part of L. 1983, c. 45, § 54:51A-1, eff. Jan. 28, 1983.

 L. 1999, c. 208, § 5 and § 14, respectively.

 Both the sponsor's statement to L. 1999, c. 208, as well as the Senate Judiciary Committee and Assembly Judiciary Committee statements accompanying the amendment indicate that L. 1999, c. 208 was enacted in order “to provide that the county board, of taxation and the Tax Court may relax the tax payment requirement and fix such terms of payment as the interest of justice may require ....'' [Emphasis added]. Compare Statement by Sen. Peter A. Inverso to Senate Bill No. S-673 (Feb. 23, 1998), with Senate Judiciary Committee Statement to Senate Bill No. S-673 (Feb. 23, 1998), and Assembly Judiciary Committee Statement to Senate Bill No. S-673 (Feb. 23, 1998).

 The court noted that the amendment to N.J.S.A. 54:3-27 was similar to the amendment to N.J.S.A. 54:51A-1. Christian Asset Mgmt., supra, 19 N.J.Tax at 475 n. 3.

 See note 7 for discussion of confiscatory overassessment.

 Although the court dismissed plaintiff's first count of the complaint for failure to pay taxes, the court found sufficient evidence to support plaintiff's second count demanding a citywide revaluation, concluding that the tax payment requirement did not apply to actions demanding a citywide revaluation.

 Insight into the kinds of circumstances that may or may not be appropriate for relief from the tax payment requirement can be gleaned from an opinion rendered by the full Tax Court pursuant to R. 8:8-6 in J.L. Muscarelle, Inc. v. Saddle Brook Tp., 14 N.J.Tax 453 (Tax 1995). That case addressed the due process ramifications of NJ.S.A. 54:3-27. The opinion of the Tax Court delivered by Judge Pizzuto, essentially deferred to the decision of the Appellate Division in J.L. Muscarelle, Inc. v. Tp. of Saddle Brook Tp., 15 N.J.Tax 164 (App.Div. 1994). Concurring with Judge Pizzuto’s opinion, Judge Hamill wrote, "Unless plaintiff can establish that it is totally incapable of paying the taxes, due perhaps to indigency, its failure to pay the requisite taxes is no different conceptually than a failure to timely file.” J.L. Muscarelle, Inc., supra, 14 N.J.Tax at 463 (Hamill, J.T.C., concurring). In the same case Judge Rimm in his concurring opinion observed, “It is difficult to understand how a taxpayer is being deprived of due process of law by making a business decision not to pay his taxes.” Id. at 458 (Rimm, J.T.C., concurring). Judge Lasser in his concurring opinion indicated that where the taxpayer establishes "that a property is so substantially- overassessed so as to be virtually confiscatory, ... due process may require a hearing on the validity of the assessment provided that tax is paid based on an assessed value deemed reasonable ....” Id. at 477 (Lasser, J.T.C., concurring). Confiscatory overassessment was alleged by the taxpayer in Christian Asset Mgmt. seeking to invoke the interests of justice exception to the tax payment requirement. In concluding that gross overassessment did not warrant the relaxation of the tax payment requirement, the court in Christian Asset Mgmt. noted that Judge Lasser’s concurring opinion on this issue in J.L. Muscarelle, "was not part of a majority opinion, nor was it joined by any other judge in that particular case.” Christian Asset Mgmt., supra, 19 N.J.Tax at 475 n. 2.

 The Appellate Division held
In New York, Susquehanna and W.R.R. Co. v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965), the Supreme Court held due process does not forbid compulsion to pay taxes prior to the opportunity to litigate the correctness of a tax. In this case, plaintiff owed three quarters of real estate taxes when it filed its tax appeal. The tax court granted defendant's motion to dismiss for failure to pay taxes as required by N.J.S.A. 54:3-27. In the process, the court ruled there was an insufficient basis to conclude plaintiff, a limited partnership, was unable to pay the three quarters of taxes.
Plaintiff appeals contending its inability to pay should constitute an exception to the requirements of N.J.S.A. 54:3-27 so plaintiff's due process rights can be protected.
We are bound by the New York, Susquehanna and W.R R. Co. holding.
[Jefferson-Halsey Roads Assoc., supra, 13 N.J. Tax at 139 (emphasis added).]

 Defendant appropriately moved for dismissal pursuant to N.J.S.A. 54:51A--1(b) since the subject matters are appeals to the Tax Court from judgments of the *338 County Board. The court can find no reason, however, why the result would be any different in an appropriate motion for dismissal, under the same or similar facts, brought pursuant to N.J.S.A. 54:3-27.