NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

NEW WEST DEVELOPERS, LLC,   :

  :

  :

Plaintiff,   :

  :

v.   :

  :

TOWNSHIP OF IRVINGTON,   :

  :

Defendant.   :

  :

TAX COURT OF NEW JERSEY

DOCKET NOs.: 014704-2013,
010653-2014, 009474-2015,
014706-2013, 010648-2014,
009475-2015

---

CROWN REAL ESTATE HOLDINGS, INC.,   :

  :

Plaintiff,   :

  :

v.   :

  :

TOWNSHIP OF IRVINGTON,   :

  :

Defendant.   :

  :

DOCKET NOs.: 009727-2016,
009728-2016

Approved for Publication
In the New Jersey
Tax Court Reports

Decided: December 23, 2021

Daniel G. Keough for plaintiffs (Ventura, Miesowitz, Keough & Warner, PC, attorneys).

Jarrid H. Kantor for defendant (Antonelli Kantor, PC, attorneys).

BEDRIN MURRAY, J.T.C.

I.     Introduction

Before the court are defendant's motions to dismiss the above-captioned complaints under N.J.S.A. 54:51A-1(b), which requires a taxpayer to satisfy certain local property tax obligations prior to filing an action in the Tax Court. Plaintiffs' opposition is two-fold. First, plaintiffs contend the provision in N.J.S.A. 54:51A-1(b) permitting the Tax Court to relax the tax payment requirement in the "interests of justice" lends itself to the facts in these matters, and should be

*

applied to defeat defendant's motions. Next, plaintiffs argue that defendant has waived its right to object to the unpaid taxes because it failed to do so when these matters were heard by the county board of taxation. A separate but similar statute, N.J.S.A. 54:3-27, requires that municipal taxes and charges be paid in order for a county board of taxation appeal to be heard. For the reasons set forth more fully below, the court concludes that plaintiffs' objections are insufficient to survive the motions at bar. As such, defendant's motions to dismiss are granted.

II.     Findings of Fact and Procedural Posture

It is noted from the outset that the referenced complaints brought by plaintiffs New West Developers, LLC (New West) and Crown Real Estate Holdings, Inc. (Crown) pertain to fifteen vacant parcels of land situated in defendant, the Township of Irvington. The complaints filed by plaintiff New West challenge the tax assessments for these properties for tax years 2013, 2014, and 2015. Plaintiff Crown was New West's mortgagee on the properties. On June 25, 2015, Crown acquired the properties at a sheriff's sale and subsequently filed the two 2016 complaints separately captioned.[1]

In opposing the motions at bar, plaintiffs rely on one set of opposition papers. As mentioned above, plaintiffs contend that defendant failed to seek dismissal of the appeals at the county tax board level for non-payment of taxes, and should be barred from raising the issue in the instant matters. In this regard, plaintiffs' opposition speaks to all docket years. The other argument advanced is that the tax payment requirement should be relaxed in the interests of justice, under N.J.S.A. 54:51A-1(b). Crown alone argues this point. As such, the court will distinguish its analysis as to each plaintiff accordingly.

---

[1] The 2016 complaints were filed in the name of plaintiff New West. Crown has since substituted in as plaintiff in these matters. Crown is the owner of the properties at issue pursuant to a June 25, 2015 sheriff's sale.

The central facts in these matters are not in dispute. For tax years 2013 through 2015, plaintiff New West filed appeals with the Essex County Board of Taxation (the Board) challenging the assessment of fifteen properties situated in the Township of Irvington. For each tax year, New West filed two appeals, one for Block 160, Lots 1, 2, 3, 4, 5, 8, 9, 10, 11, 14, 15, 16, and 17, and the other for Block 112, Lot 1 for tax year 2013, and Block 112, Lots 1 and 4 for tax years 2014 and 2015 (together, the "Properties"). For tax years 2013 through 2015, the Board issued judgments affirming the Properties' assessments. In turn, New West timely filed complaints with the Tax Court for tax years 2013, 2014, and 2015 on September 25, 2013, July 8, 2014, and June 1, 2015, respectively, totaling six complaints that remain pending and are the subject of defendant's motions to dismiss.

Likewise, plaintiff Crown filed two appeals with the Board for tax year 2016 for the Properties.[2] As with tax years 2013, 2014, and 2015, the Board issued judgments affirming the 2016 Properties' assessments. Crown then timely filed complaints with the Tax Court for tax year 2016 on June 23, 2016. These complaints are included in defendant's motions to dismiss.

In short, defendant contends that as of the date of filing of each Tax Court complaint, municipal taxes were due and owing on the Properties for the tax year for which review was sought, contrary to the requirement in N.J.S.A. 54:51A-1(b) that all taxes be paid at the time of filing the complaint for the tax year to be reviewed. In support of the motions at bar, defendant submits the certification of Beverly Baytops, its tax collector, as to each separate complaint. Ms. Baytops certifies in detail as to the status of each property's tax account for tax years 2013 through 2016, with copies of defendant's tax account detail reports and lien account status reports attached. Ms.

---

[2] The county tax board appeals for tax year 2016 were filed under the name of New West although Crown was the owner of the Properties prior to the assessment date.

3

Baytops concludes that at the time of filing of each complaint, taxes were due for the pertinent year. While some arrearages were paid beginning in 2016, and the accounts fully satisfied in 2017, not a single property was current at the time of filing of each complaint. The court so finds.

Plaintiff New West offers no opposition in this regard. Plaintiff Crown, however, contends that it was prejudiced due to its "secondary" position as lender as opposed to property owner. This, Crown urges, warrants relaxation of the statute requiring payment of taxes prior to filing a complaint in the Tax Court.

Crown relies on the certifications of Jacinto Rodrigues, the Chairman and Chief Executive Officer of Crown Bank, purportedly an affiliate of Crown. In his first of two certifications, Mr. Rodrigues states upon taking possession of the properties, Crown began communicating with defendant's tax collector in order to determine the status of the accounts. He states that this led to the payment of all amounts due for at least five of the fifteen properties, and that defendant failed to apprise Crown of the existence of other overdue accounts. Mr. Rodrigues certifies that on several occasions, Crown's checks were held for prolonged periods by defendant, and that Crown was later notified the amounts due differed from the amounts remitted. Mr. Rodrigues attaches a number of documents to his certification in order to illustrate the efforts of Crown to timely pay the sums due; however, he provides no explanation as to how the documents accomplish this goal. Moreover, all sums were well overdue by the time of Crown's intervention.

In his second certification, Mr. Rodrigues states that Crown purchased the properties at a sheriff's sale on June 25, 2015, and received the recorded deed sometime in August 2015. He states he first became aware of outstanding taxes on the Properties when he received a Notice of Intent to Foreclose certain tax sale certificates on July 19, 2016 as to four properties, specifically Block 160, Lots 1, 3, 4, and 8. This account differs from Mr. Rodrigues' statement in his first

4

certification that upon taking possession of the properties, Crown contacted defendant to reconcile its accounts. As to the tax sale certificates, the record reflects that defendant had acquired them, along with others on the Properties, and intended to foreclose this particular group. On August 25, 2016, Crown remitted approximately $8,000 to defendant to redeem certain tax sale certificates.

In addition, in support of Crown's contention that it had difficulty obtaining information from defendant as to what was owed, Mr. Rodrigues states that Crown remitted a check in the amount of $39,158.88 to the tax collector on April 7, 2017, but that the check was returned in June 2017. The record reveals, however, that this check was for payment of first quarter 2017 taxes rather than for arrearages at issue in the complaints before the court. Another check sent by Crown in payment of third quarter 2017 taxes was returned due to there being municipal liens on some of the properties. Mr. Rodrigues certifies that all arrearages were satisfied by payment of approximately $262,000 remitted on August 30, 2017.

III. Conclusions of Law

A. *Relaxation of the tax payment requirement in the interests of justice under N.J.S.A. 54:51A-1(b) is not warranted in these matters.*

It is a hallmark of local property tax law that "taxes must be paid when due as a condition to litigating liability for the amount alleged due . . . ." Wellington Belleville, L.L.C. v. Twp. of Belleville, 20 N.J. Tax 331, 333 (Tax 2002) (quoting Woodlake Heights Homeowners Ass'n. v. Twp. of Middletown, 7 N.J. Tax 364, 366 (App. Div. 1984)). Significantly, the tax payment requirement is intended "to assure the flow of revenue to a municipality while an appeal is pending." Id. at 335-36 (citing Lecross Assocs. v. City Partners, et al., 168 N.J. Super. 96 (App. Div. 1979)).

The tax payment requirement contained in N.J.S.A. 54:3-27 is a precondition to filing an appeal at the county board of taxation level, and provides in relevant part:

A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in 54:4-66.

. . .

Notwithstanding the foregoing, the county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require . . . .

[N.J.S.A. 54:3-27 (emphasis added).]

N.J.S.A. 54:51A-1(b) similarly requires payment of taxes in order to prosecute a complaint in the Tax Court appealing a county board of taxation's judgment:

At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. Notwithstanding the foregoing, the Tax Court may relax the tax payment requirement and fix such terms of payments as the interests of justice may require.

[N.J.S.A. 54:51A-1(b) (emphasis added).]

Prior to 1999 when the Legislature amended these statutes to add the emphasized portions,[3] the payment requirements were jurisdictional. "[I]f a taxpayer instituted an action at the county level which was dismissed for failure to pay taxes pursuant to N.J.S.A. 54:3-27, the Tax Court was without jurisdiction to hear the appeal . . . and was obligated, as a matter of law, to dismiss any complaint which was dismissed at the county level for failure to pay taxes." Sun Pipe Line Co. v. Twp. of W. Deptford, 25 N.J. Tax 466, 476 (Tax 2010) (quoting Christian Asset Management Corp. v. City of East Orange, 19 N.J Tax 469, 474-75 (Tax 2001)). Although the two statutes dictate different payment terms depending on whether the matter is before the county tax board as an

_____

[3] L. 1999, c. 208 § 5 and § 14, respectively.

6

initial petition or the Tax Court as an appeal from a county board judgment, they now allow both tribunals discretion in relaxing the respective requirements if justice so warrants.[4]

The grant of discretion, however, is limited and should be doled out with frugality. Wellington Belleville, 20 N.J. Tax at 336. The taxpayer in Wellington Belleville sought the court's largess after it knowingly purchased a fifteen-acre property containing several abandoned buildings with possible asbestos contamination. Id. at 332. The plaintiff's two complaints were dismissed by the county tax board under N.J.S.A. 54:3-27 for failure to pay taxes. Ibid. The litigant appealed to the Tax Court for relaxation of the tax payment requirement in the interests of justice under N.J.S.A. 54:51A-1(b). In considering the request, the court devised a three-prong test for determining if equitable relief in the form of relaxation of the payment requirement was appropriate: "At a minimum, it would seem that such circumstances must be (1) beyond the control of the property owner, not self-imposed; (2) unattributed to poor judgment, a bad investment or a failed business venture, and (3) reasonably unforeseeable." Id. at 336. The court concluded that the plaintiff's financial troubles placed him outside the limited bounds of the interests of justice exception. Id. at 337.

In Huwang v. Twp. of Hillside , 21 N.J. Tax 496 (Tax 2004), the court clarified that the Wellington Belleville criteria "were not intended to be all encompassing." Id. at 505. In that case, the taxpayers' petition before the county board of taxation was dismissed for failure to pay property taxes. The taxpayers then filed a complaint before the Tax Court challenging the county board's judgment of dismissal, and the municipality moved for summary judgment on the same grounds as below. Id. at 500. The taxpayers, however, had sought relief in the United States Bankruptcy Court, and were paying the property tax arrearages in accordance with the bankruptcy court's

---

[4] Note that N.J.S.A. 54:3-27 also applies to direct appeals to the Tax Court.

restructuring plan. Id. at 499. In concluding the taxpayers were entitled to relaxation of the tax payment requirement in the interests of justice under N.J.S.A. 54:51A-1(b), the court held it was necessary to "weigh all evidence relating to the totality of the circumstances resulting in non-payment of taxes, and make a fact sensitive determination on a case-by-case basis, as to whether the statutory tax payment should be relieved in the interests of justice." Id. at 505.

As to the 2013, 2014, and 2015 matters, New West offers no justification whatsoever as to why the tax payment requirement should be relaxed under N.J.S.A. 54:51A-1(b).

On the other hand, while Crown filed only the 2016 complaints, it contends that all pending complaints should be permitted to proceed. The gravamen of Crown's opposition to the motions at bar is that its role as lender to New West placed it in a disadvantageous position in obtaining tax information from defendant. With regard to the 2013, 2014, and 2015 complaints, the record does not reveal if Crown, in its capacity as mortgagee, was responsible for collecting tax escrow from New West and remitting the tax payments to defendant. Even if the obligation did not fall to Crown under the mortgage documents, it is unlikely a lender would be unaware of several years of non-payment of taxes by its borrower. Regardless, the record contains no evidence of the process in place for payment of taxes by lender or borrower during the relevant time period, or if Crown, the lender, was notified of delinquencies. Given the lack of opposition of New West, and the scant record as to Crown's actions as mortgagee during this time, the court is satisfied that the interests of justice do not warrant relaxation of the tax payment requirement under N.J.S.A. 54:51A-1(b) with regard to the 2013, 2014, and 2015 complaints.

Nor is the court persuaded that relaxation of the tax payment requirement should apply to the 2016 complaints filed by Crown. Mr. Rodrigues certifies that Crown was unaware of outstanding taxes on the properties until it received a Notice of Intent to Foreclose certain tax sale

8

certificates on July 19, 2016. Assuming, arguendo, that Crown did not know there were arrearages on the property at the time it purchased the Properties at the Sheriff's sale on June 25, 2015, it should reasonably have known, in particular as a sophisticated commercial lender, that property taxes were due for the third quarter 2015. Neither these nor subsequent taxes were paid, however, until the following year. In fact, at the time Crown's complaints for tax year 2016 were filed on June 23, 2016, the taxes due on the Properties for 2016 were not paid. No explanation is offered as to why the tax bill for 2016 was not obtained by Crown. Instead, Crown speaks only to the purported difficulty it encountered attempting to pay the arrearages.

In sum, the court concludes the interests of justice would be subverted by relaxing the tax payment requirement in these matters, and allowing the complaints to proceed.

B. *Defendant's failure to object to the non-payment of taxes at the county board level does not bar it from raising the issue before the Tax Court.*

Plaintiffs next contend that defendant is precluded from raising non-payment of taxes in the Tax Court because it failed to do so when the matters were heard by the county tax board, citing Frisina v. City of Newark, 15 N.J. Tax 357 (Tax 1995). The court disagrees. Appeals to the county board and those to the Tax Court are governed by separate and distinct statutes. There is no language in either statute or in our common law to suggest otherwise. In Frisina, the court denied defendant municipality's motion to dismiss the plaintiff's complaints for unpaid sewer and water bills, which were not raised at the county tax board. The statute governing payment requirements in county tax board appeals, N.J.S.A. 54:3-27, requires all taxes and municipal charges to be paid through the first quarter of the year under review. Ibid. The statute governing appeals to the Tax Court is N.J.S.A. 54:51A-1(b), which requires payment of taxes at the time of filing the complaint, but not municipal charges. The court concluded that "[s]ince the statutory language in the two jurisdictional standards, N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1b, is different and since it is

9

permissible to have different standards, there is simply no reason for this court to read the water and sewer charge payment requirement of N.J.S.A. 54:3-27 into the tax payment requirement of N.J.S.A. 54:51A-1b." Frisina, 15 N.J Tax at 362-63. In the matters at bar, defendant's motion is based on non-payment of taxes under N.J.S.A. 54:51A-1(b), which provides a different payment scheme than that set forth in N.J.S.A. 54:3-27.

In addition, plaintiffs cite, without explanation, Sun Pipe Line Co. in support of their argument that defendant waived the objection to non-payment of taxes at the county tax board level. That case however, concerns relaxation of tax payments going forward rather than those due in accordance with N.J.S.A. 54:51A-1(b). 25 N.J. Tax at 476. In sum, the court concludes that defendant is not precluded from raising the issue of non-payment of required taxes in these cases.

In light of the foregoing, defendant's motions are granted, and plaintiffs' complaints are dismissed with prejudice.