701 A.2d 458

CITY OF ATLANTIC CITY, PLAINTIFF–RESPONDENT,
v. GREATE BAY HOTEL AND CASINO, INC.,
DEFENDANT–APPELLANT.

CITY OF ATLANTIC CITY, PLAINTIFF–RESPONDENT,
v. BOARDWALK REGENCY CORP., DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 8, 1997—Decided September 30, 1997.

Before Judges HAVEY and NEWMAN.

*John R. Lloyd* argued the cause for appellant Greate Bay Hotel and Casino, Inc. (*Rosenblum, Wolf & Lloyd*, attorneys; *Nathan P. Wolf*, on the brief).

*Stephen R. Nehmad* argued the cause for appellant Boardwalk Regency Corp. (*Perskie, Nehmad & Perillo*, attorneys; *Mr. Nehmad* and *Richard F. DeLucry*, on the brief).

*Saul A. Wolfe* argued the cause of respondent (*Skoloff & Wolfe*, attorneys; *Mr. Wolfe*, on the brief).

PER CURIAM.

By leave granted, taxpayers Greate Bay Hotel and Casino, Inc. and Boardwalk Regency Corp., appeal from June 9, 1997 Tax Court orders declaring that the Tax Court had exclusive jurisdiction over tax appeals concerning appellants' Atlantic City properties for the tax year 1997. The order directed that appellants withdraw their appeals respecting the same properties then pending before the Atlantic County Board of Taxation, which had been filed prior to the City filing its complaints directly with the Tax Court. In entering the orders, Judge Rimm concluded that, when there is a timely and proper filing of a complaint in the Tax Court, the County Board of Taxation has no jurisdiction over the matter, even if a petition had been filed with the County Board before the filing of the complaint in the Tax Court.

We affirm substantially for the reasons expressed by Judge Rimm in his thoughtful opinion reported at —— *N.J. Tax* ——, —— *A.*2d ——, 1997 WL 631765 (Tax Ct.1997).

Affirmed.