The opinion of the court was delivered by
PRESSLER, P.J.A.D.
This appeal presents yet another chapter in the now eight-year old local property tax controversy between plaintiff Greate Bay Hotel & Casino, the owner of Sands Casino Hotel, and defendant City of Atlantic City. Appeals of assessment years from 1996 to and including 2001 are still pending unresolved in the Tax Court. Some of those appeals were brought there directly and others were first brought to the Atlantic County Board of Taxation. The case before us involves the 2002 assessments. Plaintiff elected to appeal those assessments to the Atlantic County Board of Taxation (County Board) pursuant to N.J.S.A. 54:3-21, even though it could have filed directly with the Tax Court because the assessment exceeded $750,000. N.J.S.A. 54:3-21. It made that choice despite the pendency in the Tax Court of the unresolved appeals for the six prior years.
The question before us is whether the County Board of Taxation was obliged by its enabling statute to conduct a full evidential hearing on value or if it had the discretion, over the taxpayer’s objection and after according it a hearing on that question, to dismiss the appeal without prejudice for the purpose of effecting what is tantamount to a transfer of the appeal to the Tax Court for potential consolidation with the pending prior year appeals. We hold that the County Board had that discretion and that it was appropriately exercised here.
Plaintiff filed its 2002 appeal with the County Board on the last day permitted for filing, April 1, 2002. The County Board fixed a May hearing date. The City, by letter to the County Board, requested, in view of the pendency of the prior appeals in the Tax Court and the municipal resources which would have to be expended for what would surely be only an interim and inconclusive step in the appeal process, that the County Board affirm the assessments without prejudice[1] in order for the 2002 appeal to proceed substantively in the Tax Court. The County Board, *125 evidently treating the City’s letter as a contested motion for that disposition, conducted a hearing on that issue on April 19, 2002. As we understand the position of the parties before the County Board, the taxpayer relied on N.J.S.A. 54:3-22a in contending that it was entitled to a full evidential hearing in the forum of its choice, and the City argued that under all the circumstances, the County Board had the discretion, which it should exercise, to dismiss the appeal without prejudice, permitting it to go forward in the Tax Court. The County Board then adopted a resolution, which, without a statement of reasons, concluded that “these appeals shall be given a hearing before the said Atlantic County Board of Taxation.” Before the matter was heard, however, the County Board chose to reconsider its decision, instructed the parties to file briefs addressing the issue, and then reversed itself. It adopted a resolution on June 4, 2002, which, again without a statement of reasons, dismissed the appeals without prejudice “so that the petitioner can file said appeals with the Tax Court.”
Plaintiff immediately thereafter filed this complaint and order to show cause in the Tax Court asserting that the County Board’s decision on reconsideration was arbitrary, capricious and in violation of its statutory duty, requesting reversal thereof and demanding a remand to the County Board directing it to hold an eviden-tiary valuation hearing. The Tax Court conducted a preliminary telephone conference, restrained the County Board from taking any further action in the interim, and scheduled a further hearing for June 24, 2002, at which the Deputy Attorney General representing the County Board also appeared to defend its action.
The Tax Court, in rendering its decision, noted the impracticality and the wastefulness of an evidentiary valuation hearing of this appeal by the County Board, which is not reasonably equipped, by reason, at least in part, of its time constraints and limited discovery opportunities, to conduct the same fully prepared, exhaustive, and formal trial accorded by the Tax Court. Nor did the Tax Court doubt, as indeed appears clearly to be the case, that if the County Board were to address the valuation issue, one party or the other would appeal to the Tax Court, where the proceeding would be de novo. N.J.S.A. 2B:13-3b. Nevertheless the Tax *126 Court concluded that the statute required the County Board, if demanded by a plaintiff, to conduct “some kind” of hearing. Accordingly, it entered the order, here appealed from, reversing the County’s Board’s denial of a hearing to plaintiff, remanding to it for a hearing consistent with N.J.S.A. 54:3-22a, and directing it to apply to the Director of the Division of Taxation for an extension of time pursuant to N.J.S.A. 54:3-26.1.[2]
We start our analysis with N.J.S.A. 54:3-22a, which provides in full that:
The board shall thereupon make such order respecting the time and manner for hearing the appeal as it may deem just, and shall summarily hear and determine the appeal, and revise and correct the assessment in accordance with the value prescribed by law. All appeals filed pursuant to the provisions of chapter 3 of Title 54 of the Revised Statutes shall be heard and determined by the board. It may compel the attendance of witnesses, the production of books and papers before it, examine witnesses or cause witnesses to be examined under oath before it, which oath may be administered by a member of the board.
In addressing the question of whether this statutory provision compels a county board to conduct an evidentiary valuation hearing, we rely in large measure on the cogent analysis by Judge Rimm in Atlantic City v. Greate Bay Hotel, 16 N.J.Tax 486, 495-497 (Tax Ct.), aff'd o.b., 17 N.J.Tax 101 (App.Div.1997), addressing the respective functions and jurisdictions of the county boards and the Tax Court. The issue before him, which involved the same parties as are now before us, was the jurisdictional consequence of the taxpayer filing an appeal with the county board and the municipality thereafter filing an appeal of the same assessment for the same year in the Tax Court. Judge Rimm rejected the taxpayer’s claim that it was entitled to an evidentiary hearing by the county board pursuant to N.J.S.A. 54:3-22a, particularly because it had filed first. In holding that the Tax Court filing by the municipality effectively mooted the county board’s jurisdiction, Judge Rimm explained, by way of policy and background, that while the County Boards are suited to quick and efficient review of assessments of $750,000 or less where extensive discovery is not *127 required and the issues and anticipated testimony are uncomplicated, they are nevertheless “not well constructed for the review of large and complicated assessments.” Id. at 495. Discovery in county board proceedings, as he noted, is extremely limited. N.J.A.C. 18:21A-1.15. Moreover, N.J.S.A. 54:3-26 requires the county board to determine all appeals within three months after the last permitted day for filing unless it obtains an extension from the Director of the Division of Taxation pursuant to N.J.S.A. 54:3-26.1 on a showing “that the number of appeals before it is disproportionate to the number of members hearing said appeals or that the number of appeals has increased sufficiently to warrant an extension of time.” Finally, describing the taxpayer’s county board filing while prior years, were pending in the Tax Court as “gamesmanship” in its “invoking the jurisdiction of a body not ideally suited to deal with cases as complex as the subject cases”, id. at 496, Judge Rimm concluded that
Greate Bay’s position would disrupt the county board schedules, waste municipal funds on unnecessary attorney and expert fees, and waste the time and resources of the county board, by forcing the City to go forward twice when the matter could be resolved with one hearing in a forum designed to fairly and equitably adjudicate a local property tax assessment of this magnitude and complexity. [Id. at 497.]
We recognize that the legislative scheme affords a party challenging an assessment of $750,000 or more the option of choosing its forum and consequently that party may ordinarily elect either the county board or the Tax Court. N.J.S.A. 54:3-21. But it is also clear that the right to pursue the county board option by an evidential valuation hearing is not, despite N.J.S.A. 54:3-22a, absolute. Thus, if the taxpayer files an appeal challenging the same assessment with both the county board and the Tax Court, the county board is divested of jurisdiction, and the matter must proceed in the Tax Court. Union City Associates v. City of Union City, 115 N.J. 17, 556 A.2d 769 (1989). And if the taxpayer files an appeal in the Tax Court and the municipality challenges the same assessment in the county board, it is the Tax Court that has exclusive jurisdiction. Shav Assocs. v. Middletown Tp., 11 N.J.Tax 569 (Tax Ct.1991). If the converse is true and the taxpayer files with the county board and the municipality with the Tax Court, then, as Judge Rimm held in Atlantic City v. Greate *128 Bay Hotel, supra, it is still the Tax Court that has sole jurisdiction. We further note that when the Tax Court was first created, N.J.S.A. 54:3-21 accorded any party to an appeal pending in the county board of an assessment of $750,000 or more, the right to have it transferred to the Tax Court.
We appreciate that because different tax years are here involved, we are not dealing with the strictly jurisdictional issue involved in Union City, Shav, and Greate Bay. But many of the same significant policy considerations obtain when appeals of prior year assessments are already pending in the Tax Court, namely, considerations of appropriateness of forum, avoidance of unnecessary waste of resources, and the economy of consolidation available in the Tax Court. Moreover, it is clear that the municipality could have unilaterally defeated the County Board’s jurisdiction by the simple expedient of filing its own 2002 tax appeal in the Tax Court had it been prescient enough to anticipate both plaintiffs last-minute filing with the County Board and its insistence on an evidentiary valuation hearing in that forum. These considerations impel us to conclude that the statutory complex, taken as a whole, accords the county board, over the objection of a party, the discretion to dismiss without prejudice as a technique for deferring the evidentiary evaluation hearing to the Tax Court. We are, moreover, satisfied that that technique may constitute an appropriate discharge of its statutory hearing obligation consistent with N.J.S.A. 54:3-22a provided the parties are given an opportunity to be heard on that procedural issue.
We point out first that that statute confers on the county board the power “to make such order respecting the time and manner for hearing the appeal as it may deem just____” It also mandates a summary hearing. N.J.S.A. 54:3-26, as we have noted, requires all filed appeals to be determined within three months after the filing deadline date unless an extension is sought, not on the basis that there is a particularly difficult and complex case pending but rather because of the volume of appeals. We think it plain that the authority to determine the manner of hearing, the summary nature of the hearing to be afforded, and the time constraints whose extension does not expressly contemplate complexity of *129 particular cases are all statutory mandates inconsistent with any kind of meaningful valuation that would require extensive and complex discovery, evidence and expert testimony. We also do not believe that the Legislature intended the county board proceeding not to be meaningful — to be nothing more than a charade.
As a matter of the actual and long-standing practice in the county board, the parties typically agree that a pending county board appeal is appropriately dismissed without prejudice because of the pendency of a prior year’s appeal in the Tax Court in order to permit the appeal to proceed there. Indeed, the administratively mandated disposition code used by the County Board includes the classification “Dismissed Without Prejudice,” a classification which, pursuant to N.J.S.A. 54:51A-1c, expressly qualifies that disposition for de novo review by the Tax Court. The coded subcategories of that classification are “Tax Court pending for (year)” and “Hearing Waived.” Thus the precise question, in view of the legislative and administrative recognition that the Tax Court is the preferred forum if prior years’ assessments are there pending, is whether the county board has the discretion to dismiss without prejudice over the objection of a party. We agree with the Tax Court that it must accord the parties a hearing on that issue before doing so. But we also conclude that where special circumstances exist for its taking that course, that hearing fulfills the statutory hearing obligation imposed by N.J.S.A. 54:3-22a.
Nor have we any doubt that there were sufficient circumstances to warrant the dismissal without prejudice disposition here. Plaintiff was not ready to proceed before the county board on the 2002 assessments on the originally scheduled trial date because it did not yet have its appraisal report. Discovery has been ongoing in the Tax Court on this property for many years. Appeals from six prior years’ assessments are there pending. There has as yet been no Tax Court opinion offering guidance on the complicated issue of how to evaluate any casino property, not just this one. A county board hearing, to be meaningful at all, could not possibly be summary but would require the expenditure of resources by all parties and the county board itself that would not be anything but wasteful in view of the inevitable de novo *130 review by the Tax Court, a review that would, in effect, obliterate all the time, money and energy required for a county board valuation hearing. This is not to say that the County Board is obliged in circumstances such as these to dismiss without prejudice. We conclude only that it has the discretion to do so and the exercise of that discretion is a risk the party who elects to file with the county board must anticipate.
In sum, we hold that the county board has the authority to dismiss without prejudice if prior year appeals are pending in the Tax Court in particularly complex cases after the parties have been heard on whether it should do so. The county board’s decision to do so here, in view of its recognition of its limitations as an appropriate forum and considering the interests of administrative and judicial efficiency and avoidance of wasteful, costly and duplicative litigation, was eminently sensible.
As we have pointed out, the Tax Court’s opinion was not definitive as to the nature of the required hearing before the county board and, indeed, suggested that a hearing addressed to the issue of dismissal without prejudice might suffice. As we view the record, it appears that the Tax Court judge may not have been aware that prior to its reconsideration, the County Board had conducted a hearing on the dismissal without prejudice issue, and that its reconsideration was preceded by the parties’ briefing. We are satisfied, therefore, that plaintiff has already had the hearing to which it was entitled. No further hearing by the County Board is statutorily required.
The judgment appealed from is reversed and the dismissal without prejudice ordered by the Atlantic County Board of Taxation is affirmed. The forty-five days prescribed by N.J.S.A. 54:51A-9a for appeals from the County Board judgment to the Tax Court shall start to run on the date of this opinion.

 The parties agree that an affirmance without prejudice is the equivalent of a dismissal without prejudice.

 The County Board had obtained an initial extension from the Director to July 31, 2002, and subsequent extensions to October 31, 2002, and then to February 28, 2003.