NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

BRANCHBURG HOSPITALITY LLC,

Plaintiff,

-v.-

TOWNSHIP OF BRANCHBURG,

Defendant.

TAX COURT OF NEW JERSEY
DOCKET NO. 011494-2021

Approved for Publication
In the New Jersey
Tax Court Reports

Decided:  February 25, 2022

Farhan Ali for plaintiff
(McCarter & English, LLP, attorney).

Wesley E. Buirkle for defendant
(DiFrancesco Bateman Kunzman, Davis, Lehrer & Flaum, P.C., attorney).

FIAMINGO, J.T.C.

Pending before the court is defendant's motion to dismiss plaintiff's complaint.  Defendant moves for dismissal on the three separate bases: for lack of subject matter jurisdiction; for failure to pay taxes pursuant to N.J.S.A. 54:51A-1(b); and for plaintiff's failure to comply with the assessor's request for income and expenses in accordance with N.J.S.A. 54:4-34 ("Chapter 91").

For the reasons discussed below, the court rejects defendant's argument that plaintiff's filing of a direct appeal to the Tax Court, which it withdrew, and its subsequent filing of an appeal before the Somerset County Board of Taxation ("County Board") divests this court of jurisdiction to hear the appeal of the judgment of the County Board.  The court dismisses the complaint for plaintiff's failure to pay taxes due at the time of filing of the complaint and its further failure to provide this court with a sufficient factual basis upon which the court could determine that the tax payment should be relaxed in the interests of justice.  As a result, the court does not reach the

*

defendant's request to dismiss the complaint for plaintiff's alleged failure to respond to the assessor's Chapter 91 request for income and expenses.

**FACTS AND PROCEDURAL HISTORY**

On March 30, 2021, plaintiff filed a complaint to this court in docket number 007479-2021 ("direct appeal"). The direct appeal challenged the 2021 tax assessment for the property commonly known as 947 Rt. 202, Branchburg Township, NJ ("subject property"). On April 12, 2021, defendant filed an answer and counterclaim. On April 13, 2021, defendant filed a motion to dismiss plaintiff' complaint for failure to pay taxes. On April 22, 2021, plaintiff withdrew its complaint and defendant withdrew its counterclaim. As a result, the court entered judgment dismissing the complaint and counterclaim on April 23, 2021.

On April 27, 2021, the plaintiff filed a petition of appeal with the County Board challenging the same tax assessment on the subject property as in the direct appeal. On May 5, 2021, defendant filed a motion before the County Board to dismiss the petition for lack of subject matter jurisdiction; for failure to respond to a request for income and expense information under Chapter 91; and for failure to pay taxes. The County Board found that it had subject matter jurisdiction but dismissed the petition for plaintiff's failure to provide the requested income and expense information pursuant to N.J.S.A. 54:4-34. The County Board did not address plaintiff's request that the tax payment requirement be relaxed under N.J.S.A. 54:3-27 since the dismissal under Chapter 91 rendered the issue moot.

Plaintiff filed the instant complaint to the Tax Court on August 11, 2021, challenging the judgment of the County Board dismissing its petition of appeal. Defendant filed an answer and counterclaim on August 26, 2021. On September 1, 2021, defendant filed the instant motion to dismiss the complaint for lack of subject matter jurisdiction; for plaintiff's failure to pay taxes; and

for plaintiff's failure to respond to the assessor's request for income and expenses under Chapter 91, which plaintiff opposed.

## LEGAL ANALYSIS

### A. Subject Matter Jurisdiction

Initially, defendant moves to dismiss asserting that the court does not have subject matter jurisdiction over the issues presented in the complaint. Subject matter jurisdiction involves "'a threshold determination as to whether [a court] is legally authorized to decide the question presented.'" Robertelli v. N.J. Office of Att'y. Ethics, 224 N.J. 470, 479 (2016) (quoting Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981)). When a court lacks subject matter jurisdiction, its authority to consider the case is "'wholly and immediately foreclosed.'" Ibid. (quoting Gilbert, 87 N.J. at 281).

The Tax Court is a "court of limited jurisdiction." McMahon v. City of Newark, 195 N.J. 526, 542 (2008). The court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dept. v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013); see also Macleod v. City of Hoboken, 330 N.J. Super. 502, 505-06 (App. Div. 2000). The Tax Court is granted the jurisdiction "to review actions or regulations with respect to a tax matter of the following: (1) Any State agency or official; (2) A county board of taxation; (3) A county or municipal official." N.J.S.A. 2B:13-2(a).

"The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements." Macleod, 330 N.J. Super. at 505 (quoting F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J. Super. 373, 381 (App. Div. 1984)). N.J.S.A. 54:3-21 prescribes the procedure for a "taxpayer" or a "taxing district" to institute a challenge to the local property tax assessment. N.J.S.A. 54:3-21, provides, in relevant part, that:

3

a taxpayer feeling aggrieved by the assessed valuation or exempt status of the taxpayer's property . . . may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer or a taxing district may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court.

[N.J.S.A. 54:3-21(a)(1).]

*(1) Judgment Dismissing the Direct Appeal*

Here defendant argues that plaintiff filed a direct appeal of the 2021 tax assessment to the Tax Court for which a judgment has been entered. As noted after defendant moved to dismiss plaintiff's direct appeal, plaintiff withdrew that complaint and defendant withdrew its counterclaim. See R. 8:3-9. Defendant asserts that the court does not have subject matter jurisdiction because "the [Tax] court has already rendered a 2021 . . . judgment with respect to the subject property" for the tax year in question.

The court concludes, as did the County Board, that the judgment issued by the Tax Court in the prior docket dismissing the direct appeal and counterclaim due to their voluntary withdrawals, did not bar plaintiff's filing of a petition of appeal of the tax assessment at the County Board for the same tax year. Nor does that judgment bar the subsequent appeal of the County Board's decision to this court.

"A Tax Court judgment of withdrawal has none of the attributes of an adjudication on the merits, nor does it reflect the good-faith accommodation of the parties embodied in a settlement

4

stipulation." Union City Assocs. v. City of Union City, 10 N.J. Tax 581, 588 (Tax 1989), aff'd, 247 N.J. Super 249 (App. Div. 1991). Thus, a unilateral withdrawal has no "preclusive . . . affect." Id. at 252. See also R. 4:37-1 (unless otherwise stated a voluntary withdrawal is without prejudice).

The judgment by the court to evidence the withdrawal of a complaint and the counterclaim "pursuant to a unilateral withdrawal is a product of administrative exigency, i.e., final disposition of a Tax Court case must be reflected in some manner. Thus, R. 8:9-1 states that the final determination of any Tax Court matter must be by judgment." Union City Assocs., 10 N.J. Tax at 587-88. Such a judgment is without prejudice. See e.g. R. 4:37-1. Thus, the court finds the judgment issued in the direct appeal did not act as a bar to plaintiff's filing of an appeal at the County Board, or to the appeal of the judgment of the County Board issued in accordance with that filing.

*(2) Duplicative Filings*

Next defendant refers to N.J.S.A. 54:3-21(a) which provides in part, "[a]n appeal to the Tax Court by one party in a case in which the Tax Court has jurisdiction shall establish jurisdiction over the entire matter in the Tax Court." Defendant argues that plaintiff having first filed its direct appeal challenging the assessment in the Tax Court, the County Board was thus deprived of jurisdiction to render the judgment which plaintiff now appeals in this matter.

Our Supreme Court examined the statutory bar to filings in both the Tax Court and at the county board of taxation in Union City Assocs. v. City of Union City, 115 N.J. 17 (1989). There, as here, the same party, the taxpayer, filed petitions for appeal for the same tax year in both the Tax Court and at the county board of taxation. There, however, those appeals were filed at the same time. Thus, identical appeals were pending *simultaneously* in two different forums. The Supreme Court held that the Tax Court had jurisdiction over the matter, finding "the Legislature

5

intended to bind the taxpayer by his election and that the taxpayer may not maintain identical appeals in both forums." Id. at 18.

Thereafter, the Tax Court examined the circumstances where the municipality filed an appeal with the county board of taxation on the same date that the taxpayer filed an appeal to the Tax Court. Shav Assocs. v. Twp. of Middletown, 11 N.J. Tax 569 (Tax 1991). There the court concluded that

> the decision of the Supreme Court in Union City Associates requires a determination that filing in the Tax Court in compliance with N.J.S.A. 54:3-21 vests the Tax Court with the jurisdiction to decide the matter. If there is a timely and proper filing of a complaint in the Tax Court, the county board of taxation has no jurisdiction over the matter.
>
> [Id. at 576.]

The next fact pattern was addressed by Judge Rimm in Atlantic City v. Greate Bay Hotel and Casino, Inc., 16 N.J. Tax 486 (Tax), aff'd, 304 N.J. Super. 457 (App. Div. 1997). There the taxpayer filed timely appeals at the county board of taxation and on the following day, the municipality filed appeals of the same properties for the same year at the Tax Court. The taxpayer moved to transfer the Tax Court complaints to the county board. Judge Rimm examined the holdings in the prior mentioned cases and concluded that where the filing threshold for a direct appeal has been met, even where a party has first filed an appeal to the county board, "the opposing party can file in the Tax Court on or before April 1, removing the controversy to that forum." Id. at 493.

The three fact patterns were thereafter explained by the Appellate Division thusly,

> [T]he legislative scheme affords a party challenging an assessment of $750,000 or more the option of choosing its forum and consequently that party may ordinarily elect either the county board or the Tax Court. N.J.S.A. 54:3-21. But it is also clear that the right to pursue the county board option by an evidential valuation hearing

6

is not, despite N.J.S.A. 54:3-22a, absolute. Thus, if the taxpayer files an appeal challenging the same assessment with both the county board and the Tax Court, the county board is divested of jurisdiction, and the matter must proceed in the Tax Court. Union City Associates v. City of Union City, 115 N.J. 17 (1989). And if the taxpayer files an appeal in the Tax Court and the municipality challenges the same assessment in the county board, it is the Tax Court that has exclusive jurisdiction. Shav Assocs. v. Middletown Tp., 11 N.J. Tax 569 (Tax Ct.1991). If the converse is true and the taxpayer files with the county board and the municipality with the Tax Court, then, as Judge Rimm held in Atlantic City v. Greate Bay Hotel. . . it is still the Tax Court that has sole jurisdiction. We further note that when the Tax Court was first created, N.J.S.A. 54:3-21 accorded any party to an appeal pending in the county board of an assessment of $750,000 or more, the right to have it transferred to the Tax Court.

[Greate Bay Hotel & Casino v. City of Atlantic City, 21 N.J. Tax 122, 127-128 (App. Div. 2003).[1]]

The matter before this court is distinguishable from those upon which the courts have previously opined. In each of the prior matters simultaneous appeals were pending before the Tax Court and the respective county boards of taxation. Here, no simultaneous filings are involved. Instead, there are serial appeals; the taxpayer filing first in the Tax Court in the direct appeal and then withdrawing that appeal prior to the filing before the County Board. The municipality voluntarily withdrew its counterclaim in the prior docket before the plaintiff filed before the County Board. Thus, there was no appeal pending by either the taxpayer or the municipality when the plaintiff timely filed its appeal at the County Board.[2] Since no appeal was then pending in the Tax Court, the statutory requirement that the County Board be deprived of jurisdiction did not

---

[1] The reference to $750,000 filing amount was amended to $1,000,000 effective January 16, 2010. L. 2009, c. 251.
[2] It appears that the municipality had the option of filing a direct appeal in the Tax Court, which would have required a transfer of the plaintiff's County Board petition to the Tax Court per Atlantic City v. Greate Bay Hotel, 16 N.J. Tax 486. It did not do so.

apply.[3]  Consequently, plaintiff's subsequent appeal of the County Board's judgment was thus properly and timely appealed by it to this court.     The court finds that it has subject matter jurisdiction over the matter.

B. Dismissal for Failure to pay Taxes Due

Defendant also maintains that the plaintiff's complaint must be dismissed for plaintiff's failure to pay taxes due.  Defendant's tax collector certifies that as of the date the petition of appeal was filed at the County Board on April 27, 2021, taxes due for 2020 and the first quarter of 2021 remained unpaid.[4]  The collector further certifies that as of the date of filing of the complaint in Tax Court on August 11, 2021, there remained a balance due for 2021, the year under appeal.

Plaintiff concedes that the taxes for the year under review were not paid when the instant complaint was filed.  The property at issue is a hotel owned and operated by plaintiff.  Plaintiff argues that the unprecedented COVID-19 pandemic forced the hotel to close, causing a steep decline in revenues for the 2020 and 2021 tax years.[5]

---

[3] The court acknowledges defendant's argument that a municipality will be unlikely to voluntarily withdraw a counterclaim prior to the expiration of the filing due date in future matters unless plaintiff withdraws its complaint with prejudice.  While such a situation may occur, it is not a reason to deny plaintiff its ability to proceed in this matter.

[4] The account statement demonstrates that plaintiff had only paid a portion of the first quarter 2020 taxes due and had paid none of the second through fourth quarter 2020 taxes.  The aggregate amount due as of April 27, 2021, for 2020, including interest was $173,719.33.  The tax for the first quarter of 2021 in the amount of $44,333.32 was also unpaid.  Total taxes, penalty and interest due as of April 27, 2021, was $219,958.98.  It is unknown if those taxes have yet been paid.

[5] The COVID-19 pandemic caused extreme hardships for many businesses in this state.  As a result of the pandemic, Governor Philip D. Murphy issued an Executive Order (EO) declaring a Public Health Emergency and State of Emergency.  Exec. Order No. 103 (Mar. 9, 2020).  Thereafter a number of measures were put in place to attempt to ameliorate and contain the spread of the Coronavirus such as prohibiting gatherings of more than 50 persons, with certain exceptions; the closing of all public, private and parochial preschool programs, and elementary and secondary schools premises; the cessation of in-person instruction at institutions of higher learning in the State; the closing of casinos, racetracks, gyms and fitness centers and entertainment centers; the curtailment of the hours of operations of non-essential retail, recreational and entertainment

8

There are two provisions expressing the requirement that a taxpayer pay the taxes due on property, which is the subject of an appeal: N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1. The former, N.J.S.A. 54:3-27, provides in part:

> A taxpayer who shall file an appeal from an assessment against him [to the County Board] shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year . . .
>
> [T]he county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require. If the county board of taxation refuses to relax the tax payment requirement and that decision is appealed, the Tax Court may hear all issues without remand to the county board of taxation as the interests of justice may require.
>
> [N.J.S.A. 54:3-27.][6]

N.J.S.A. 54:51A-1 provides in pertinent part:

---

businesses; and the restrictions on restaurants, dining establishments and bars to take out or food delivery only. See Exec. Order No. 104 (Mar. 16, 2020). EO 104 was superseded by EO 107 ordering all New Jersey residents to remain home unless engaging in certain specified activities such as grocery shopping, obtaining medical attention, or reporting to work; imposing a six-foot social distancing requirement; canceling social gatherings of individuals; and the closing of brick-and-mortar premises of all non-essential retail businesses. Exec. Order. No. 107 (Mar. 21, 2020). EO 107 also restricted restaurants and dining establishments to take out and/or food delivery, closed all recreational and entertainment businesses, and libraries. Businesses were directed to reduce on-site presence to the "minimal number necessary," and the closing of public, private and parochial preschool program premises and elementary and secondary schools was continued. The prohibition against in-person instruction at institutions of higher education was similarly continued. Throughout the remainder of 2020 and into 2021, the public health emergency continued and various provisions to address health concerns were implemented and thereafter relaxed. Awareness and implementation of safeguards to mitigate risks associated with the virus increased and the number of new infections decreased, leading the Governor to issue EO 244 terminating the Public Health Emergency. Exec. Order No. 244 (June 4, 2021). Due to the uptick in new COVID cases due, in large part to the Omicron variant, Governor Murphy reinstated the Public Health Emergency on January 11, 2022. The prior restrictions were not reinstated.

[6] The County Board here did not reach the issue of the nonpayment of taxes and its relaxation thereof. Nonetheless, its decision not to do so is tantamount to a refusal to relax the tax payment requirement. Therefore, the court will, as permitted by N.J.S.A. 54:3-27, hear this issue.

At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. Notwithstanding the foregoing, the Tax Court may relax the tax payment requirement and fix such terms of payments as the interests of justice may require.

[N.J.S.A. 54:51A-1(b).]

N.J.S.A. 54:3-27 applies to direct appeals to the Tax Court as well as initial appeals to the county boards of taxation; N.J.S.A. 54:51A-1(b) governs appeals to the Tax Court from the judgment of a county board of taxation.[7] Dover-Chester Assocs. v. Twp. of Randolph, 419 N.J. Super. 184, 188-89 (App. Div. 2011). The latter provision is applicable here.

The taxpayer who seeks to appeal from a judgment of the county board of taxation must therefore comply with the tax payment requirement in N.J.S.A. 54:51A-1(b) unless the Tax Court determines to exercise its limited discretion to 'relax the tax payment requirement [or] fix such terms of payments as the interests of justice may require.'

[Id. at 190 (alteration in the original).]

As explained by the appellate court:

The purpose of the tax payment requirement is to protect the municipality's interest in receiving timely payment of taxes to provide the revenue necessary for governmental operations. J.L. Muscarelle, Inc. v. Saddle Brook Twp., 14 N.J. Tax 453, 457 (Tax 1995). When the flow of revenue is interrupted, the burden of an appealing taxpayer's unpaid taxes is shifted to the other taxpayers in the district and reflected in the reserve for uncollected taxes. Ibid.

[Id. at 201.]

---

[7] The ability of the court to relax the tax payment requirement is applicable only to appeals from decisions of the county boards of taxation. Cf. N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1(b). See also N.J.S.A. 54:51A-2 (which addresses direct appeals, and requires that a direct appeal should be served to the assessor and clerk of the municipality, but is silent as to a relaxation of the tax payment requirement in the interests of justice). The court observes that this restriction is likely the motivation for plaintiff's withdrawal of its initial direct appeal and the subsequent filing of its petition before the County Board.

10

Prior to 1999, there was no allowance for the Tax Court to relax the tax payment requirement in the statutes. In 1999, both statutes were amended to permit the county board and/or the Tax Court (as to appealed county board of taxation judgments) to relax the tax payment requirements, "as the interests of justice may require." "The effect of [the] amendment is to allow the Tax Court to hear the merits of a case, if required by the interests of justice, even if the local county board of taxation previously dismissed the case for failure to pay taxes." Christian Asset Mgmt. Corp. v. City of East Orange, 19 N.J. Tax 469, 475 (Tax 2001). "The 'interest of justice' provision allows for a relaxation of the previously rigid jurisdictional requirement so that taxpayers facing dire financial difficulties not of their own making will not be precluded from initiating a challenge to an assessment." Sun Pipe Line Co. v. Twp. of W. Deptford, 25 N.J. Tax 466, 476 (Tax 2010). "At a minimum, it would seem that such circumstances must be (1) beyond the control of the property owner, not self-imposed, (2) unattributed to poor judgment, a bad investment or a failed business venture, and (3) reasonably unforeseeable." Wellington Belleville, L.L.C. v. Twp. of Belleville, 20 N.J. Tax 331, 336 (Tax 2002).

> However,

> [a]lthough the Legislature has not provided explicit guidance on the application of this exception, the Tax Court has observed that the preservation of the tax payment requirement reflects an intent that 'the relaxation of the requirement be granted sparingly, and in limited circumstances.' Wellington Belleville, . . . 20 N.J. Tax at 336 and n.7; see also Christian Asset Mgmt., . . . 19 N.J. Tax at 475-76. We agree that '[t]he court must weigh all evidence relating to the totality of the circumstances resulting in non-payment of taxes, and make a fact sensitive determination on a case-by-case basis, as to whether the statutory tax payment should be relieved in the interests of justice.' Huwang [v. Twp. of Hillside, 21 N.J. Tax 496, 505 (Tax 2004)].

> [Dover-Chester Assocs., 419 N.J. Super. at 202.]

11

There have been few instances where the Tax Court has exercised its discretion to relax the tax payment requirement. Cf. Huwang, 21 N.J. Tax at 506-10 (granting relaxation when monthly payments of back taxes pursuant to a Chapter 13 bankruptcy plan were consistently made) with Christian Asset Mgmt. Corp., 19 N.J. Tax at 475-76 (finding against relaxation where the taxpayer alleged that it was insolvent and that the property had been grossly over assessed); Wellington Belleville, L.L.C., 20 N.J. Tax at 333 (finding that alleged financial difficulties alone do not provide an adequate basis to apply the interest of justice exception); Dover-Chester Assocs., 419 N.J. Super. at 203 (finding that "no circumstances that contributed to the non-payment of taxes" rather, the "arguments for relaxation depend upon events that occurred after their complaints were filed")

In support of its claim for relief in the interests of justice, plaintiff asserts that,

> Due to COVID-19, our hotel was closed and almost empty with zero occupancy for a large portion of the 2020 tax year. In addition, revenues decreased substantially. Our revenue budget for 2020, based on 2018 and 2019 tax years, was approximately $2,600,000. Our actual revenue for the 2020 tax year was almost one third of the expected revenues: $852,882. This was due to the COVID-19 Pandemic.
>
> The loss in revenue was outside of our control, and had no bearing on any management or investment action of [plaintiff].

Plaintiff provides no further evidence of the effects of COVID-19 on its business, nor does plaintiff produce any indication of any actions taken to ameliorate the negative effects on its business. In this regard, plaintiff has provided nothing to demonstrate what, if any steps it took to reduce costs, obtain grants and loans, or otherwise attempt to deal with the crisis. Although plaintiff provides a "profit and loss" statement for calendar year 2020, without any explanatory attachment the profit and loss statement provides little factual support for plaintiff's request.

Plaintiff's application is akin to that of the taxpayer in <u>Wellington Belleville, L.L.C.</u>. There "plaintiff did not offer evidence regarding its other assets and liabilities, if any, or otherwise demonstrate that it is unable to obtain money to pay its taxes pending its tax appeal." 20 N.J. Tax at 337. Although the court here does not find that the financial circumstances were "self-imposed" as the court in <u>Wellington Belleville, L.L.C.</u>, did, the lack of evidence is similar. Plaintiff relies almost exclusively on a general reference to the COVID-19 pandemic, providing little factual bases for the court's review. While the court is mindful of the extraordinary effects that the COVID-19 pandemic has had on businesses in general, plaintiff's reference to the reduction in income over what was projected to have been generated is insufficient support for plaintiff's claim that relief is justified.

The court finds that plaintiff has failed to provide it with a sufficient factual basis to support a finding that the tax payment requirement should be relaxed in the interests of justice. Additionally, plaintiff's request that it be permitted to pay the overdue taxes over a period of twelve months without interest is unsupported by any facts providing the court with any basis to determine the reasonableness of the request.

The court thus finds that plaintiff's complaint should be dismissed for its failure to pay taxes in accordance with N.J.S.A. 54:51A-1(b). No basis to relax the tax payment requirement in the interests of justice has been provided.[8]

---

[8] As a result, the court does not reach defendant's final basis for dismissal of the complaint for failure to respond to defendant's assessor's Chapter 91 request for income and expenses. The court notes, however, that the papers submitted in support of, and in opposition to, the motion to dismiss in this regard presents a dispute of fact. Plaintiff asserts that it responded to the initial Chapter 91 request. The assessor denies having received such response. Plaintiff also argues that the Chapter 91 response was legally deficient. But for the dismissal of the complaint for failure to pay taxes, the court would have scheduled a plenary hearing as to the disputed issues of fact.

Defendant's motion to dismiss the complaint for plaintiff's failure to pay taxes due at the time of filing of the complaint is granted and plaintiff's complaint is dismissed.